UTICA,
Aug. 1825.

Jewell
v.
Schroeppel.

JEWELL AND OTHERS *against* SCHROEPPEL.

ASSUMPSIT, tried at the Oneida Circuit, July, 1823, before WILLIAMS, C. Judge.

If there be a special agreement under seal, to do work and it be done, but not pursuant to the agreement, either in point of time, or in any other respect, the party who did the work may recover upon the common count in assumpsit for work and labor.

If, when the time of performance arrives, in such case, the party goes on, with the knowledge and assent of

The declaration set forth a special agreement, and added the common count for work, labor and materials found.

At the trial, a sealed contract was given in evidence, dated September 6th, 1818, between the plaintiffs and defendant, by which the former covenanted with the latter to complete a certain mill within 10 months, and a canal and mill-dam within 13 months from that date ; and the latter covenanted with the former that, on the work being completed within these times, he would pay them a certain sum, &c.

It was farther in evidence, that though the plaintiffs commenced the respective parts of the work before the respective times for their completion mentioned in the specialty, the canal and dam were not completed within the 13 months : but the plaintiffs, with the defendant's knowledge and approbation, prosecuted and completed them afterwards.

his employer, to complete the work subsequently, this is evidence of a promise to pay for the work. So if he do not object.

And it is no objection to his bringing assumpsit, that his employer had previously sued him in covenant for not performing in time, and recovered damages.

The workman cannot maintain covenant, unless he perform the work strictly within the time.

Where the terms of a special agreement are performed, a duty is raised for which a general *indebitatus assumpsit* will lie ; but as long as the special contract remains unrescinded, or uneprformed, the party cannot recover under the common counts.

It also appeared, that the defendant had prosecuted the plaintiffs in a former suit, for not fulfilling their covenants contained in the specialty ; and recovered a judgment for damages.

The jury having found for the plaintiffs $349 54;

*J. Platt*, for the defendant, now moved for a new trial; and he took several objections, among which were, 1. that the proof at the trial did not support the special agreement stated in the declaration ; 2. that if proved, there was no consideration to support it ; 3. that, at most, the evidence only made out an agreement to enlarge the time of performing the sealed contract, and the remedy should have been covenant; 4. that the former recovery was a bar. He cited 1 Chit. Pl. 94; *Clark* v. *Smith*, (14 John. Rep. 326 ;) *Champlin* v. *Butler*, (18 id. 169 ;) *Robertson* v. *Lynch*, (id. 451;) and *Andrews* v. *Montgomery*, (19 id. 162.)

*G. C. Bronson*, contra, cited *Fleming* v. *Gilbert*, (3 John. Rep. 528 ;) *Lawrence* v. *Dale*, (3 John. Ch. Rep. 23, 42 ;) *Philips* v. *Butler*, (8 John. Rep. 392;) *Littler* v. *Holland*, (3 T. R. 590 ;) *Brown* v. *Goodman*, (id. 592, note (*b*) ;) *Freeman* v. *Adams*, (9 John. Rep. 115 ;) *Hasbrouck* v. *Tappen*, (15 id. 204;) *Keating* v. *Price*, (1 John. Cas. 22;) *Felton* v. *Dickenson*, (10 Mass. Rep. 287;) *Alcorn* v. *Westbrook*, (1 Wils. 117, per Dennison, J.) *Robson* v. *Godfrey*, (1 Starkie, 277 ;) 1 Holt's N. P. Rep. 236, S. C. ; 2 Phil. Ev. 83, in note ; *Bank of Columbia* v. *Patterson's admr.* (7 Cranch, 299;) Bull. N. P. 139 ; *Cook* v. *Munstone*, (4 B. & P. 355, per Mansfield, Ch. J.) *Linningdale* v. *Livingston*, (10 John. Rep. 36 ;) *Raymond* v. *Bernard*, (12 id. 274 ;) *Jennings* v. *Camp*, (13 id. 94 ;) *Gillet* v. *Maynard*, (5 id. 85;) and *Towers* v. *Barret*, (1 T. R. 133.)

*Curia*, per SUTHERLAND, J. The charge of the Judge is not stated in the case, and must, therefore, be presumed to have been correct; and the verdict must be considered as given under proper directions from the Court.

The special contract stated in the declaration, is nothing more than a parol enlargement of the time of performance of the original agreement, and a promise to pay the price

originally stipulated, upon the work being completed at a subsequent day, within a reasonable time after the new agreement.

It is abundantly settled that the plaintiffs, inasmuch as they had not performed within the time stipulated by the original contract, could not recover upon the covenants contained in it. They could not, in such an action, give evidence of an extension of the time. (*Littler* v. *Holland,* 3 T. R. 590, and *Brown* v. *Goodman,* id. 592, note (*b*). *Philips* v. *Butler,* 8 John. Rep. 392. *Hasbrouck* v. *Tappen,* 15 id. 204. *Freeman* v. *Adams,* 9 id. 115.)

If they can recover at all, it must be in the form of action which they have adopted.

I do not think it material to inquire whether the evidence supports the special count or not, as I see no legal objection to their recovery upon the common counts. It is a case of an executed, not an executory contract, performed according to its terms, except in point of time. The jury must have so considered it; and although the evidence upon that point is somewhat contradictory, I think the balance of testimony is in favor of the plaintiffs.

I consider it well settled, that if there be a special agreement to do a piece of work, and the work be done, but not pursuant to such agreement, either in point of time, or any other respect, the party can recover upon the common counts. Where the terms of a special agreement are performed, a duty is raised for which a general *indebitatus assumpsit* will lie; but as long as the special contract remains unrescinded or unperformed, the party cannot recover under the common counts. (Bull. N. P. 139. 2 Phil. Ev. 83, note, where most of the cases are well collected and stated. 10 Mass. Rep. 287.)

It appears in the case from the testimony of W. Blanchard, that he was employed by the plaintiffs to finish the canal and dam in July, 1820 ; that his instructions were, to work until the defendant was satisfied ; that the defendant was present when he commenced working ; and that before he quit, H. W. Schroeppel, the son and agent of the defendant, accepted the work as completed, and did not object that any part of it was defective. I am inclined to think that

this testimony, connected with other circumstances in the case, would authorize a jury to believe that a special agreement, of the nature stated in the declaration, was in fact made; but, at all events, it strengthens and confirms the plaintiff's right to recover under the common counts. If the defendant intended to rescind the contract, it was his duty then to have spoken. (*Lawrence* v. *Dale,* 3 John. Ch. Rep. 23.) By permitting the plaintiffs, after knowing that the work was not completed in time, to proceed and finish it, he waived all right to object on that ground, and the law imputes a promise, on his part, to pay what the labor was reasonably worth.

The recovery of Schroeppel against the plaintiffs does not affect their right in this suit. One of the breaches assigned in the former case was, that the work was not completed within the time limited by the contract. If the plaintiffs sustained any injury from that circumstance, it was a fair subject of damages. But the judgment in that case is evidence of nothing that can affect the plaintiffs' right in this action.

Motion for new trial denied.