May Term, 1834.

SINARD
v.
PATTERSON.

---

## SINARD *v.* PATTERSON.

A plea to an action of assumpsit, that the defendant had paid the plaintiff the several sums in the declaration mentioned, with all interest due thereon, according to the form and effect of the promises in the declaration mentioned, in goods, wares, and merchandize, and money,—cannot be supported either as a plea of accord and satisfaction, or of payment, or of set-off under the statute.

A plea to such an action, that the contract between the parties, if any was made, was under seal, may be objected to on motion, or by special demurrer.

An agreement under seal cannot be rescinded by a parol contract.

The terms of a sealed agreement cannot be varied by a subsequent parol contract, so as to authorise a suit on the sealed agreement, which suit, without the parol contract, could not be sustained; and, consequently, the existence of the sealed agreement, in such a case, is no bar to a suit on the parol contract.

Erroneous instructions to the jury cannot be assigned for error, if they were not applicable to the case, and could not injure the party complaining of them.

45

May Term,
1834.

SINARD
v.
PATTERSON.

Wednesday,
May 28.

APPEAL from the *Marion* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit, brought by *Patterson* against *Sinard*. The declaration contains several counts. The first count is on a special contract respecting the sale and delivery of bricks. The other counts are general ones for bricks sold and delivered.

The defendant pleaded three pleas. First, non-assumpsit. Secondly, *actio non:* for that on, &c. at, &c. before the commencement of the suit, the defendant paid to the plaintiff the several sums in the declaration mentioned, together with all interest due thereon, according to the form and effect of the several promises and undertakings in the declaration mentioned, in goods, wares, and merchandize, and money; and this the defendant is ready to verify. Third plea, *actio non:* the defendant says, that if any of the bricks were made for and delivered to him by the plaintiff, they were made and delivered in part performance of a covenant under the hands and seals of the parties, &c.; that no bricks were sold and delivered by the plaintiff to the defendant on any account, but on the said contract under seal.

On the plea of non-assumpsit, issue was joined. To the second plea, the plaintiff demurred specially; assigning for causes of demurrer, first, that the plea amounts to the general issue; secondly, that the plea concludes with a verification. This demurrer the Court sustained. The third plea was set aside on the motion of the plaintiff. The issue on the plea of non-assumpsit was tried, and a verdict returned in favour of the plaintiff for 300 dollars. The defendant moved for a new trial, but his motion was overruled, and a judgment was rendered against him on the verdict. The defendant appeals to this Court.

The first point relied upon by the appellant is, that the demurrer to his second plea should not have been sustained. The causes of demurrer assigned are insufficient. The plea contains no denial of the truth of the declaration. It denies, like all other pleas in bar, the right of action, but it admits, at the same time, the plaintiff's allegations, and undertakes to avoid them by averring a delivery to the plaintiff of goods and money in discharge of his demand. It is the reverse of the general issue; and, being an affirmative plea, concludes correctly with a verification. The plaintiff objects, also, to the substance of this

plea; because it does not aver that he had accepted the goods and money in satisfaction. This objection is fatal to the plea, as a plea of accord and satisfaction. To make such a plea valid, it must not only aver that the goods were delivered in payment of the demand, but it must also aver that they were accepted in satisfaction and discharge thereof. *Drake* v. *Mitchell,* 3 East, 251. As a plea of payment, the plea is equally objectionable. It avers the payment to have been made in goods as well as money. But a plea of payment cannot be supported, unless the payment has been made in money alone. Neither can this plea be supported as a plea of set-off under the statute. The plea under the statute must, in the first place, be a good plea of payment; and, in addition, it must set out the matters of set-off. The plea before us, as has already been observed, is not a plea of payment, and is not therefore within the statute. Rev. Code, 1831, p. 405. The second plea, for these reasons, cannot be supported.

The next ground taken by the appellant is, that his third plea should not have been rejected. That plea is clearly objectionable. The contract on which the suit was brought, is not described in the declaration as a sealed contract. Had it been so described, the plaintiff would have failed, of course, in his action of assumpsit. The defendant was bound to consider the contract relied on by the plaintiff, as not being under seal; and to shape his defence accordingly. If the statement of this third plea be true, viz. that the only contract between the parties was one under their seals, the proper plea for the defendant was non-assumpsit. The plaintiff would have been, then, obliged to prove an unsealed contract, or to lose his cause. The special plea under consideration, which avers the contract to be a sealed one, is merely a denial, in an argumentative form, that the defendant had made the parol promise set out in the declaration. This plea, therefore, amounts to the general issue of non-assumpsit. It is a general rule of pleading in assumpsit, that when the defendant wishes to deny the truth of the declaration, he must do so in a direct and positive manner, by pleading at once the general issue. If he state the matter in denial specially, as is done in this case, the plea may be good in substance, but it is objectionable in point of form. It violates the rule in pleading which forbids prolixity, and may be objected to on motion, or by special demurrer. Gould on Pl.

346, 350.   In the present instance, there was a motion to reject the plea as amounting to the general issue, and the motion was correctly sustained.

The third ground relied on by the appellant is, that the Court refused to instruct the jury in the manner he requested, and that the Court gave instructions to the jury which were incorrect. It is the duty of the Circuit Court, upon the request of either of the parties, to inform the jury correctly, as to any particular matter of law which may be applicable to the cause. And in order to test the propriety of any particular instruction to the jury, it is necessary to examine, first, the nature of the issue between the parties; secondly, the facts which have been proved; and thirdly, the law which must govern the case.

The action before us is an action of assumpsit. There are four counts in the declaration. The first is on a special contract by parol, for the making and burning of a certain quantity of bricks by the plaintiff for the defendant, and the delivering of them to the defendant by a certain day and at a certain place. The second is an *indebitatus* count, the third a *quantum meruit*, and the fourth a *quantum valebant* count, for bricks sold and delivered. To these counts is added the common breach. The only plea is non-assumpsit, and upon that, issue is joined.

The substance of the testimony is as follows:—Two kilns of bricks were made and burnt by *Patterson*. The first kiln contained about 156,000, and the second kiln about 66,000. The burning of the first kiln was completed about the last of *August*, 1831; and that of the second kiln, about the last of *October*, in the same year. *Sinard* received and hauled away the most of the bricks from both these kilns, soon after they were burnt, informing *Patterson* at the time, that he would not take the bricks according to a previous agreement between them, but that he would pay for no more than he received. The bricks of both kilns taken together, were as good as bricks commonly are, except that those of the first kiln were somewhat smaller than usual. The bricks hauled away by *Sinard* were made use of by him for his own benefit. The price of bricks, at the time, was about three dollars a thousand. The parties had, in *May*, 1831, entered into an agreement under seal, by which *Patterson* was to make and burn for *Sinard* 250,000 bricks; 125,000 of them to be delivered at the kiln by the 10th of *July*, 1831; and the other 125,000, by the 10th of *August*, 1831. *Sinard* was

to pay *Patterson* three dollars a thousand for the bricks delivered according to that agreement. He was also to furnish *Patterson* with 120 cords of wood, which were to be cut by the 15th of *June*, and delivered by the 10th of *July*, 1831. It was also proved that the parties had, by parol, varied the sealed agreement as to the wood; as to the quantity of bricks, which was reduced to somewhat less than 130,000; and as to the time for delivering the bricks. It was also proved that *Sinard* had delivered to *Patterson* about 40 cords of wood; and had sold to him goods, &c. to the amount of about 380 dollars. This embraces all the evidence that is material.

The next inquiry is as to the law applicable to the case, at least so far as respects the instructions to the jury which were refused, or which were given, by the Court. It is not necessary here to enumerate, particularly, the instructions which were refused or which were given. The only material questions raised by them are, first, Could the sealed agreement between the parties of *May*, 1831, be rescinded by any subsequent parol agreement of the parties? Secondly, if it could not, Is the existence of that sealed agreement a bar to the present action of assumpsit? Thirdly, if the Court incorrectly instructed the jury that the sealed instrument might be rescinded by parol, Can the defendant below complain of that instruction?

The first of these questions must be answered in the negative. The agreement, under the seal of the parties, could not be rescinded by them by any parol contract which they could make. There is no principle of the common law better settled, than that an agreement under seal can only be dissolved *eo ligamine quo ligatur*. *Thompson* v. *Brown*, 7 Taunt. 656.

The second question must also be answered in the negative. The agreement under the seal of the parties, though unrescinded, was no bar to the present action of assumpsit. The appellant, in support of the contrary opinion, relies on the doctrine, that assumpsit on simple contract will not lie, where the plaintiff has a higher security for his demand. That doctrine is no doubt correct; but it is not applicable to the present case. Here, *Patterson* has no higher security for his demand, than the simple contract on which he sues. There is, to be sure, a sealed agreement between him and *Sinard* as to the burning and delivering of bricks; but the evidence on the record shows, that *Patterson* cannot support an action on that agreement. He

May Term, 1834.

SINARD
v.
PATTERSON.

was bound by that agreement to deliver 250,000 bricks to *Sinard* within a given time; and that was a precedent condition to a claim for the price of the bricks. The proof is, that *Patterson* delivered no bricks to *Sinard* until after the expiration of the time limited for the delivery by the agreement; and that he never delivered to *Sinard* the quantity of bricks which, by that agreement, was required. Had *Patterson*, therefore, sued on the scaled agreement, he must have failed, because he had not performed the precedent condition, the performance of which was indispensable to his right of recovery on the agreement.

It is in vain to say, that by a subsequent parol agreement, the time for delivering the bricks was enlarged, and that the quantity of bricks to be delivered was reduced. *Patterson* could not, by showing the existence of such a parol contract, and the performance of it on his part, support an action on the sealed agreement. This has been frequently decided. The following are some of the authorities. An arbitration bond limited the time for the arbitrator to make his award. In debt on the bond, the declaration stated that the time was afterwards enlarged, by the mutual consent of the parties; and that within the enlarged time, the award was made. Breach, &c. To this declaration, the defendant demurred and obtained a judgment. The Court said, that the question was not then to be discussed, whether the party had not some remedy, but whether his remedy lay on the bond: to determine which, the Court must look to the bond; and there it appeared that the defendant had bound himself to abide by an award under a penalty, if made within a given time: but that could never extend the penalty to an award made after that time under a new agreement. *Brown* v. *Goodman*, 3 T. R. 592, note. So, where a person covenanted to build two houses for £500 by a certain day, and, in an action of covenant for the money, averred in his declaration that the houses were built within the time, it was held that evidence that the time had been enlarged by a parol agreement of the parties, and that the houses had been built within the enlarged time, did not support the action. *Littler* v. *Holland*, 3 T. R. 590. The cases of *Heard* v. *Wadham*, 1 East, 619,—*Leslie* v. *Dela Torre*, cited in *White* v. *Parkin*, 12 East, 583,—*Thompson* v. *Brown*, 7 Taunton, 656,—*Cordwent* v. *Hunt*, 8 Taunton, 596, fully establish the doctrine which governs the previous cases of *Brown* v. *Goodman*,

and *Littler* v. *Holland*, to which we have referred. The cases all show, that the terms of a sealed agreement cannot be varied by any parol contract, so as to authorise a suit on the sealed agreement, which suit, without the parol contract, could not have been sustained.

There can be no doubt, therefore, that the sealed agreement in this case, though unrescinded, furnished *Patterson* with no ground of action against *Sinard*;. that it was not a higher security for the demand now sued for; and that its existence is no bar to the present suit (1).

The third question proposed must also be answered in the negative. That question is, whether an erroneous instruction to the jury, that the sealed agreement might be rescinded by parol, can be assigned for error by the appellant? It does not necessarily follow, that because an instruction to the jury on a question of law is erroneous, the error can be complained of by either party. An erroneous instruction, to be assignable for error, must be such a one as is applicable to the cause, and may have injured the party who complains of it. It is true, that if the evidence is not on the record, we must presume the instruction, when not foreign to the issue, to be applicable to the cause. *Peyton* v. *Bowell*, in this Court, *May* term, 1823. But when, as in the present case, the whole evidence is on the record, we must compare it with the instruction complained of, and ascertain whether the instruction is applicable to the evidence, and could injure the appellant. We have already shown that *Patterson* could not sue on the sealed agreement; and that his only action for the bricks sold and delivered, was on the subsequent promise, either express or implied, upon which he has declared. The question; therefore, whether the sealed agreement was in force or had been rescinded, had nothing to do with the cause; and whether that agreement could or could not be rescinded by parol, was a mere abstract question of law. The evidence in the cause, and the law applicable to it, would have warranted the Court in instructing the jury to form their verdict, as if the sealed agreement was not in existence. The instruction which was given had no tendency to a result beyond that. The Court informed the jury to disregard the sealed agreement, if it had been rescinded by the parties; and they informed the jury further, erroneously to be sure, that that agreement might be rescinded by parol. The jury might, by

May Term,
1834.

SINARD
v.
PATTERSON.

these instructions, have been induced incorrectly to suppose the sealed agreement to be rescinded; but that belief could not have injured the appellant. Its effect could only have been to cause the jury to disregard the sealed agreement, and that is precisely what, by law, they were bound to do; not, indeed, because that agreement was rescinded, but because it had no connexion with the cause of action. The instruction in question, consequently, cannot be complained of by the appellant.

The last error assigned is, that the Circuit Court erroneously refused to grant a new trial. It is objected that the verdict is not supported by the law or the evidence. We have already had occasion to advert to both the evidence and the law of this case. There can be no doubt but that the appellee had a right to recover, upon the general counts of his declaration, for the bricks sold and delivered to the appellant. The verdict may be for a somewhat larger amount than we would have been disposed to give, had we been members of the jury. But the amount is not so obviously excessive, as to authorise any interference with it by an appellate Court.

*Per Curiam.*—The judgment is affirmed with costs.

*J. B. Ray* and *C. Dewey*, for the appellant.

*C. Fletcher*, *H. Brown*, and *W. Quarles*, for the appellee.

(1) In an action on a covenant for an unpaid balance of the price of constructing a steam engine for the defendant, but which had not been finished until after the time specified in the covenant for its completion, the Court of Appeals in *Maryland* conclude an opinion, affirming the judgment of the Court below against the suit, as follows:—

"We think therefore, that the plaintiffs were not entitled to recover the money sued for by them, upon the true construction of the covenants entered into by them. Whether they had not their remedy in a different form of action, is another question. If after the work was done, though not pursuant to the contract, the party for whom it was done, accepted it, it would seem right and proper, that he should pay for it, what it was worth. This we think, justice would require, and it is believed, that the principles of law do not forbid it. To this effect the law is stated to be in 4 Cow. Rep. 564. It is there said, that 'if there be a special agreement under seal to do work, and it be done, but not pursuant to the agreement, either in point of time, or in any other respect, the party who did the work may recover upon the common counts in *assumpsit*, for the work and labour, if the work be accepted by the party for whom it was done. The workman cannot maintain covenant, unless he perform the work strictly within the time. By permitting the plaintiffs, after knowing that the work was not completed in time, to proceed and finish it, he waived all right to object on that ground, and the law implies a promise on his part, to pay what the labour was reasonably worth.' So, in *Burn* v. *Miller*, 4 Taunt. Rep. 745, we find the

same principle recognized. 'A lessor contracted to pay his tenant, at a valuation for certain erections, pursuant to a plan to be agreed on, provided they were completed in two months. No plan was agreed on, and after the condition broken, the lessor encouraged the lessee to proceed with the work, and held that the lessee might recover as for work and labour, on an implied promise, arising out of so many of the facts, as were applicable to the new agreement.' In this case the Court say, 'It is a settled rule, even in case of deeds, that if there be a condition precedent in a deed, and it is not performed, and the parties proceed with the performance of other parts of the contract, although the deed cannot take effect, the law will raise an implied *assumpsit.* Upon this ground it is, that freight is daily recovered in actions of *assumpsit,* on implied promises substituted for the charter parties by deed. And here, though the plaintiff cannot put his case upon the written agreement, he may upon the agreement raised upon so many of the facts of the case, as are applicable.' Upon the whole, we are of opinion, that the judgment of the Court below was correct, and that the same ought to be affirmed." *Watchman et al.* v. *Crook et al.* 5 Gill & Johns. 239.