Dewey, J.
Trespass, assault and battery. Plea, son assault demesne. The plaintiff replied, 1, De injuria, &c.; 2, Excess. The defendant moved to set aside the second replication ; and the Court, having offered to leave it optional with the plaintiff which replication he would retain, and the selection being refused, granted the motion. Issue upon the first replication. Verdict and judgment for the defendant.
It is contended that setting aside the replication, upon motion, was erroneous; that the objection of duplicity could be raised only by special demurrer.
A demurrer, doubtless, would have been the more regular practice. But as in' this form of action, the plaintiff could prove excess under the first replication; and as he himself first violated correct practice by replying doubly, and then refused *197 in select between the two replications, we do not deem the decision of the Circuit Court in setting aside the second replication to be a matter of error. This Court has repeatedly ^decided, that the rejection, on motion, of a special plea amounting to the general issue, when a formal general issue was also pleaded, was no cause for reversing a judgment. Sinard v. Patterson, 3 Blackf., 353; Rhoden v. Graham, 4 Blackf., 517.
J. S. Newman, for the appellant.
On the trial, a witness for the defendant, having given to the jury an account of the conflict, and of the altercation between the parties which led to it, was asked by the plaintiff to state his opinion, whether “ the fight would have taken place at all, if the defendant had informed the plaintiff (who had previously demanded to know), whether he (defendant), had a knife?” This testimony, being objected to, was excluded by the Court; and we think very correctly.
Per Curiam.—The judgment is affirmed with costs.