## Jones *v.* Alley.

A written contract cannot be materially changed by parole agreement.

The time stipulated for payment in a written contract may be extended by parole agreement, but it cannot by parole be made essential, when it is not so stipulated in writing.

Under a contract for land, the entire consideration money should be paid before an unconditional decree for specific performance is rendered.

### *Appeal from Marion District Court.*

*Opinion by* GREENE, J. Petition filed by Jonathan Alley against Thomas Jones, for specific performance of a contract to convey land. The answer acknowleges the contract, but claims that it was forfeited because payment was not made within the time stipulated. Decree for plaintiff. To this decree it is now objected that as payment was not made or tenderred within the time stipulated by the bond, that the obligor could not subsequently be required to recover the stipulated payment and make the deed. This proposition would be true, if *time* had been expressly made of the essence of the agreement. But when *time* is not by express agreement made essential, the validity of a bond is not forfeited by a failure to pay within the time stipulated. But it is contended, in this case, that time was made essential, by parole agreement, subsequent to the delivery of the bond. If this fact was established by proof, it would not help the appellee. A written contract cannot be thus materially varied by parole agreement, without consideration. *Bond* v. *Jackson,* Cooke, 500; *Seward* v. *Patterson,* 3 Blackf., 353; *Adams* v. *Nichols,* 19 Picke., 275. A subsequent parole agreement to extend the time of payment or performance has been considered good, because such agreement does not vary or change the stipulations; it merely extends the time of performance. *Keating* v.

Jones v. Alley.

*Price*, 1 John's. Cas., 22 ; *Fleming* v. *Gilbert*, 3 John. 520; *Hasbrouck* v. *Tappan*, 15 ib., 200.

But in this case the modification claimed under the parole agreement is material. It does more than extend the time of payment. It makes time essential. It entirely changes the effect of a failure to pay within the stipulated time.   Under the written agreement, time is not essential, but under the parole agreement, it becomes a vital condition to the validity of the bond.   The bond *per se* may be enforced, but the bond varied by the parole agreement, would be null and void.  So material a change in a written contract cannot be recognized under a parole agreement.

The court below erred in this case by decreeing a specific performance without first requiring full payment of the consideration money.   For this reason, the decree must be reversed at the cost of appellee.   By making payment, appellee may have a decree for the land in this court.

Decree reversed.

*William Longhridge*, for appellant.

*Black* and *Neal*, for appellee.