WRIGHT, J.,
delivered the opinion of the Court.
There is no error in this judgment. The proof makes it clear that T. L. Bry.an, being desirous of raising money, made the bill single upon which the suit was instituted, and procured Perkins to execute and sign the same as maker with him — as his security, and for his accommodation.
The bill single, thus executed, was delivered by Perkins to Bryan. Tha.t this was done to enable the latter to sell it, and raise money upon it upon the faith of the name of the former, there can be no doubt.
It was, to be sure, made payable to Ament, because it was supposed — and, perhaps, they had good reasons so to think — that he would advance the money upon it. But there is no foundation for the belief that Perkins *114 placed Bryan under any restrictions as to the use to be made of it, or that it was his intention that it should be passed to Ament, and no one else.
Bryan thus having the' possession of this note, passed it to Greenfield, and received of him, upon it, the sum of $50; and he has instituted this suit in the name of Ament, to his use, against Perkins, upon the note, to recover the amount for which it was given.
The Circuit Judge charged the jury, that if Perkins became surety upon the note, with the intention that it should be passed to Ament and no one else,, the plaintiff would not be entitled to recover. But if he signed as surety, with a general purpose to enable Bryan to raise money on the note, without limiting him to the person to whom he should pass it, then the plaintiff would be entitled to recover, although at the time defendant signed the note it was the' expectation of him and Bryan both, that the note was to be passed to Ament, and the money obtained from him.
This charge is, we think, sustained by the principles laid down in Kimbro v. Lythe, 10 Yerg., 417, and the authorities there cited.
Judge Reese, in delivering the opinion of the Court, says: “ The Chancellor, to sustain the principle determined in this case, refers to the cases of The Bank of Rutland v. Buck, 5 Wend., 66, and The Bank of Chenango v. Hyae, 4 Cow. Rep., 566. In the former of these cases the note was made by Spear and Everett, and signed by Buck, as surety, payable to the bank. It was made to enable Spear and Everett to raise money for their own accommodation. Upon its being offered at the bank for discount, the bank refused to discount it; and *115 it was subsequently, and before it was due, delivered over to House and others, as collateral security for the payment of a judgment in their favor against Spear and Everett. The suit was brought in the name of the bank, but for the use of House and others. It was objected that the object for which the note was made being to raise money from the bank, and the object having failed, it ought to have been returned to the surety. It was admitted, that if the Bank had refused to advance the money, and a third person had done so, as in the case of the The Bank of Chenango v. Hyde, 4 Cow. Rep., 567, the surety would have been bound, as the substantial object, the raising of money, would have been obtained. It was further objected that the note was not receieved in the ordinary course of commercial business, and so as to be governed by the law merchant. But Chief Justice Savage, delivering the opinion of the Court, says: I can see no well-founded objection to a recovery upon this note. It was drawn for the purpose of raising money for the accommodation of the two makers, Spear and Everett, who have had the benefit of it.”
It is the same thing as if Perkins had expressly assented to the sale of the note to Greenfield.' And the fact that it was payable to the order of Ament, and never endorsed or sanctioned by him, can make no difference.
Perkins must be regarded as having assented to the use of Ament’s name for the benefit of Greenfield, in order to make the note available against him if a suit became necessary..
*116 We have been unable to discover that the charge of the Circuit Judge was open to the criticism made upon it, and think the verdict of the jury well warranted by the proof.
We therefore affirm the judgment.