By the Court.—Spencer, J.
This was an action brought to recover the amount due upon a building contract. The complaint alleges that plaintiffs performed all the work and furnished the materials as provided in the contract, and thereby became entitled *354 to the last installment of one thousand three hundred and fifty dollars. The complaint also sets up a claim to recover the sum of one thousand one hundred and twenty dollars and nineteen cents, for extra work done and materials furnished under the said contract, of which- the following is a copy:
“Articles of agreement, made the twentieth day of August, in the year one thousand eight hundred and sixty-six, between William Halpin, of the city of New York, of the first part, and Anthony Doyle & Son, of the said city, builders, of the second part.
“First. The said parties of the second part do hereby for themselves, their heirs, executors, and administrators, covenant, promise and agree to and with the said party of the first part, his executors, administrators, or assigns, that they, the said parties of the second part, their executors or administrators, shall and will, for the consideration hereinafter mentioned, on or before the first day of November next, well and sufficiently erect and finish the carpenter’s work of the new building on land belong to the party of the first part, situated on the north side of Nineteenth-street, between Seventh and Eighth-avenues, in the city of New York, agreeably to the drawings and specifications made by Rogers & Browne, architects, and signed by the said parties, and hereunto annexed, within the time aforesaid, in a good, workmanlike, and substantial manner, to the satisfaction, and under the direction of the said Rogers & Browne, architects, to be testified by a writing or-certificate under the hand of the said Rogers & Browne, architects; and also, shall and will find and provide such good, proper, and sufficient materials, of all kinds whatsoever, as shall be proper and sufficient for the completing and finishing all the carpenter’s work of the said building, mentioned in the carpenter’s specifications, for the sum of four thousand nine hundred and fifty dollars ($4,950). And the said party of the first part, *355 doth hereby, for himself, his heirs, executors, and administrators, covenant, promise, and agree, to and with the said parties of the second part, their executors and administrators, that he, the said party of the first part, his executors or administrators, shall and will, in consideration of the covenants and agreements being strictly performed and kept by the said parties of the second part, as specified, well and truly pay, or cause to be paid, unto the said parties of the second part, their executors, administrators, or assigns, the sum of four thousand nine hundred and fifty dollars ($4,950), lawful money of the United States of America, in manner following:
$250 Two hundred and fifty dollars when the second tier of beams are put on.
250 Two hundred and fifty dollars when the fourth tier of beams are put on.
300 Three hundred dollars when the roof is on, and planked, and rear cornice up.
600 Six hundred dollars when the sleepers are put in, and all the floors laid.
■ 500 Five hundred dollars when all the partitions are set, ready for plastering, and sashes in.
600 Six hundred dollars when all the stairs are stepped up, and the building trimmed throughout.
500 Five hundred dollars when all the doors and windows are hung.
600 Six hundred dollars when the first story front sash is glazed, and blinds hung throughout, and the woodwork painted two coats.
I 350 Thirteen hundred and fifty dollars when the
--works are finished complete.
$4,950
“Provided, That in each of the said cases, a certificate shall be obtained from, and signed by the said *356 Rogers & Brown, architects, whose final certificate shall alone be considered as an acceptance of the works.
£ ‘And it is hereby further agreed by and between the said parties:
“First. The specifications and the drawings are intended to cooperate, so that any works exhibited in the drawings, and not mentioned in the specifications, or rice versa, are to be executed the same as if it were mentioned in the specifications and set (forth in the drawings, to the true meaning and intention of the said drawings and specifications, without any extra charge whatsoever.
“Second. The contractor, at his own proper cost and charges, is to provide all manner of materials' and labor, scaffolding, implements, moulds, models, and cartage of every description, for the due performance of the several erections.
“ Third. Should the owner, at any time during the progress of the said building, request any alteration, deviations, additions, or omissions, from the said contract, he shall be at liberty to do so, and the same shall in no way affect or make void the contract, but will be added or deducted from the amount of the contract, as the case may be, by a fair and reasonable valuation.
“Fourth. Should the contractor, at any time during the progress of the said works, refuse or neglect to supply a sufficiency of materials or workmen, the owner shall have the power to provide the materials and workmen, after three days’ notice in writing being given, to finish the said works, and the expense shall be deducted from the amount of the contract.
‘ '•Fifth. Should any dispute arise respecting the true construction or meaning of the drawings or specifications, the same shall be decided by Rogers & Browne, and their decision shall be final and conclusive ; but should any dispute arise respecting the true value of the extra work, or of the works omitted, the same shall *357 be valued by two competent persons—one employed by the owner, and the other by the contractor—and those two shall have power to name an umpire, whose decision shall be binding on the parties.
“Sixth. The owner shall not, in any manner, be answerable or accountable for any loss or damage that shall or may happen to the said works, or any part or parts thereof respectively, or for any of the materials or other things used and employed in finishing and completing the same (loss or damage by fire excepted).
“Seventh. Should the parties of the second part fail to complete and finish the several works and things enumerated in the carpenter’s specification aforesaid, it is mutually agreed between the parties to this agreement, that the party of the first part shall deduct as liquidated damages, from any moneys due to the parties of the second part, on this contract, the sum of ten dollars ($10) per day, for each and every day the said works remain incomplete and unfinished after the first day of November next ensuing.
“ In witness whereof, the said parties to these presents have hereunto set their hands and seals, the day and year above written.
(Signed) “Wat. Halpin, [l. s.]
“Anthony Doyle & Son, [l. s.] (Signed) “E. H. Browne.”
The answer denies the fulfillment of the contract by the plaintiffs, so as to entitle them to the payment of the last installment, and also denies the claim for extra work and materials, and sets up a counter-claim for damages caused to defendant by reason of the non-fulfillment of the contract, for injury to the building by plaintiff in the performance of the work, and loss of rents and use of premises because not finished, &o., claiming three thousand dollars for such damages.
Defendant also alleges that a part of the extra work claimed was work included in the contract; that an *358 other part became necessary because of the failure of the plaintiff to fulfill the contract; and that all other extra work and materials did not exceed in value the sum of four hundred and fifty dollars, and that the damage complained of by the defendant far exceeded that amount ; concluding by demanding judgment against plaintiffs for three thousand dollars and costs.
The reply takes issue upon the counter-claim set forth in the-answer.
On the trial before the referee, a large amount of testimony was taken, most of which related to the value and character of the extra work and materials ; but the following facts were established beyond reasonable question, and may be held as admitted facts in the case, and sufficient for the consideration of the court in its decision.
That plaintiffs commenced work under the contract in the latter part of the summer of 1866, and continued the same until finished (as they claim) in March, 1867, and the defendant testifies to work being done in upper portion of house by plaintiffs as late as the middle of April, 1867, after he had taken possession of the premises. That during this time defendant gave directions himself about the work verbally, and by his architects verbally and in writing, the latest letter of his architects on the subject being dated March 27, 1867. That at no time did defendant check nor interfere with the prosecution and completion of the work as provided in the contract, except in changing the specifications relating to the character and style of the work, and in calling for the performence of work not specified in the contract. Although the defendant complained that plaintiffs did not prosecute the work so fast as he wished, and complained of the manner in which some of the work was being done, and insisted upon plaintiffs proceeding faster, and in making some parts of the work more satisfactory by alterations so as to conform to his *359 ideas of the terms and specifications of the contract, at no time did the defendant claim or insist upon the contract being performed as stipulated, so far as the time of performance was concerned; nor did he claim any breach of the contract in that respect, and made no formal protest, nor gave any notice to plaintiffs that he considered there was any material breach of the contract, and he paid each and every installment specified in the contract to plaintiffs upon the certificate of the architect that the sum was due and accepted nnder the contract, except the last installment, for which the architect refused to certify on the application of the plaintiffs, and defendant refused to pay without stating any reason for such refusal.
The testimony on the part of the plaintiffs would establish the fulfillment of the contract, and that the last payment thereon was due (without reference to the question of the architect’s certificate), and that extra work was ordered and performed, and reasonably worth the sum of one thousand one hundred and twenty dollars and nineteen cents.
The testimony on the part of the defendant, on the contrary, only tended to show that the work provided for in the contract, to entitle the plaintiff to-the last installment, was not fully nor well done ; that the value of the extra work was not so much in amount as estimated and claimed by the plaintiffs ; yet in these two respects the testimony was not of great strength nor reliability, and giving it all the weight it deserves, it cannot be claimed but that the material and work under the contract was finished and completed, and defendant took possession thereof in March or April, 1867; and that the value of the extra work done and materials furnished amounted to a large sum, equal at least to the amount of four hundred and fifty dollars, which was (substantially) admitted by the answer.
No architect’s certificate was given for the last in *360 stallment or the extra work, but'refused, as was also the payment of the same, and neither party ever offered to arbitrate the question of the amount or value of the extra work prior to the commencement of this action, and no request, offer, or notice upon the subject of an arbitrament appears to have been made by either party to the other. The defendant refused absolutely to pay the last installment or for the extra work.
The referee reported in favor of the defendant. - His statements or conclusions of fact, and law, or the material portion thereof, sufficient for the examination of the case, may be stated as follows :
■ After stating the copartnership of the plaintiff’s, the execution of the contract, and that plaintiffs proceeded to the execution of the work under the direction of the architects of the defendant, the referee further stated :
“ That by the terms of the said contractor agreement, the said plaintiffs covenanted and agreed, well and sufficiently to erect the carpenter work of a building, then about to be erected by the defendant, in the city, of Hew York, agreeably to the drawings and specifications made by the architects therein named, in a good and workmanlike manner, to the satisfaction of the said architects, to be testified by a writing or certificate, under their hands and seals.
‘ ‘ It was likewise provided by the said agreement, that in each case of payment thereunder, a certificate should be obtained from, and signed by, the said architects, and that the final certificate of the said architects should alone be considered an acceptance of the said work.
“That no certificate was ever obtained from said architects, so as to entitle the plaintiffs to the final payment mentioned in the said contfact, for the recovery of which this action was, among other things, brought, nor was the final certificate of their acceptance of the work, under contract, ever given, but, on the con *361 trary, the said architects, on the application of the said plaintiffs, refused and declined to give any such certificate, alleging that the said work had not been completed nor performed to their satisfaction, so as to entitle said plaintiffs to a final payment.
“That the work done by the plaintiffs on the said building was not performed, nor were the materials furnished to the satisfaction of said architects, nor was the certificate of said architects, fraudulently or wrongfully withheld, from the said plaintiffs, or by the directions or the instigation of the defendant.”
Irrespective of the work not being done to the satisfaction of the architects, I find no breach of the contract found, except that one relating to time contained in the following statements in report:
“ That the plaintiffs have wholly and entirely failed to complete the said building within the time required by the terms of said contract, and wholly failed to finish and complete the said buildings as required by said contract, and had not completed or finished the said carpenter work, on the said building, on the 24ih day of April, 1867, when the same was takenpossession of by the said defendant, and in an unfinished condition.
“That by the terms of said contract, in case the said plaintiffs should fail to complete and finish the said carpenter work, it was mutually agreed between the plaintiffs and the defendant, that the said defendant should deduct, as liquidated damages, from any moneys becoming due to the plaintiffs by reason of said contract, the sum of ten dollars per day for each and every day the said work should remain incomplete and unfinished after the aforesaid 1st day of ¡November, 1866.
“That the said plaintiffs did fail to complete and *362 finish said several works on the 1st day of November, 1866.
“ That the said plaintiffs did fail to complete and finish said several works on the 1st day of November, 1866, and that the same remained incomplete and unfinished after the aforesaid 1st day of November, 1866, till the 24th day of April, 1867, and that the sum which the said defendant was justly entitled to deduct from any moneys which might be due the plaintiffs, under said agreement, far exceeded in amount the sum of money which, under any circumstances,' the plaintiffs could claim by reason of the aforesaid extra work.”
In the last two or three lines the referee disposes or seeks to dispose of all claims of the plaintiffs to recover from defendants anything for or on account of any extra work (the facts in relation to which he had stated before). The referee made an off-set of the ten dollars per day, loss for a delay in time, &c., in not completing the building before November 1, 1866. His statement in regard to the extra work was as follows :
6 That at different times, between the 30th day of August, 1866, and the 34th day of April, 1867, the said plaintiffs performed other work and furnished other materials about the said house, beyond such as were required to be furnished in pursuance of said agreement.
“That a portion of said extra work rendered, and materials furnished, were made necessary by the failure of the plaintiffs properly to perform the work and furnish materials required by said contract, and more thereof was performed and rendered in lieu, and in the stead of portions of the work required to be performed, and materials required to be furnished by said contract.
“ That by the terms of said contract, it was likewise agreed and provided that if any dispute should arise respecting the true value of any extra work, or any work omitted, the same should be valued by two com *363 petent persons, one employed by the plaintiffs and the other by the defendant; and that these two should have power to name an umpire, whose decision should be binding on all the parties, but that the plaintiffs failed to make any effort to comply with the said last-mentioned condition and agreement, and have never taken any steps nor made any offer to submit the dispute in regard to said extra work, as provided by that portion of said contract.”
I notice this part of the report does not account for the four hundred and fifty dollars in value of extra work exceeding that required to properly fulfill the contract, and that (more thereof) performed in lieu and in the stead of the contract work, as does the answer of the defendant. The report concludes as follows:
“ And as to the defense set up by way of counterclaim, I find as matters of fact—
“ That the said plaintiffs failed and neglected to erect and finish the work to be done and performed by them under said agreement on said building, according to the terms and conditions of said contract, within the time set forth in said contract, for that purpose, to wit, the 1st day of November, 1866.
“ That, by reason of such failure and neglect on the part of said plaintiffs, the said defendant suffered damage by loss of occupation, rents, and profits of said building to the amount of eight hundred and thirty-three dollars.
“ And I find as conclusions of law—
“ That the defendant is not indebted to the plaintiffs, as alleged in this action, but the defendant is entitled to judgment against said plaintiffs for said sum of eight hundred and thirty-three dollars, and costs.”
I have no doubt nor hesitation in expressing the *364 opinion that this judgment should be reversed, the report set aside, and a new trial ordered. The report cannot be sustained upon the evidence, by any precedents known to me.
There was no' certificate of the architects that the work which entitled plaintiffs to the last installment, had been done and performed to their satisfaction. They refused to give one, and their testimony on the trial, shows clearly how groundless was their refusal. They never told nor pointed out to plaintiffs a particle of the work done or materials furnished (since their certificate given for the previous work), that were defective or incomplete, nor do they, in their testimony, e'xcept in some very trifling matters, show any material defect, but rather, the desire and action of the plaintiffs to perform their work to the full satisfaction of the contract, and the defendant and his architects.
It is true that the contract provided that the work was to be done to the satisfaction of the architects, but the sensible and legal interpretation of that clause, must be, that only a reasonable and practical approval of the work, based upon the requirements and specifications of the contract, was required and meant. The expression or non-expression of the mere will or determination of the architects, without reference to the contract, was not the object or subject, nor within the letter or spirit of this clause. Their refusal to give the certificate, or its absence, must be based upon some real and substantial failure on the part of the plaintiffs to fulfill their duties under the contract, and such a failure should be pointed out and protested against, as the work progressed under their direction, and I fail to discover in their testimony, that any such failure occurred. This is my conclusion, upon the construction and meaning of this clause in the contract.
But assuming that there was enough in the testimony to authorize their refusal, and that the letter of the *365 contract was not fulfilled, this clause did not refer to the furnishing of the materials, it only applied to the work mentioned in the specifications. In regard to the materials furnished, no certificate was necessary; the contract only required that the materials should be good, proper, and sufficient, and the referee should have judged upon the evidence, as to whether such were furnished without reference to the approval or certificate of the architects. Upon the whole, I conclude that the referee has not found a breach of this contract, when he merely states, that no certificate was obtained, but refused, &c. He should have found that the work was not so performed as to entitle the plaintiffs to the certificate, and thus form a proper basis for the refusal, or its absence. Any other construction of these building contracts would, in my opinion, lead to endless confusion, mischief, and wrong.
The only breach ofthe contract that is actually passed upon, or found by the referee, was, “that plaintiffs failed to complete and finish the several works, on the 1st day of November, 1866,” and I think the evidence in the case does not authorize the conclusiou of the referee, that this was a breach. I hold that the time for the completion of the work was enlarged and extended by the acts of defendant and his agents, the architects, that amounted to a complete abandonment of this covenant, in the contract, or that estopped the defendant from setting up this fact as a breach of the contract. I think the time was extended to, and included the whole time that defendant allowed the plaintiffs to continue their work of completing and finishing the job, in accordance with the contract, as they construed its specifications and covenants, and I construe the acts of the defendant to that extent, that they precluded Mm from setting up and claiming to recover ,anything under the contract, as liquidated or unliquidated damages, based upon the failure of plain *366 tiffs to finish the work on or before November 1, 1866.
The contract to finish by the last mentioned date, and the penalty of ten dollars per day, &c., for non-fulfillment, is based upon the work being done according to the specifications set forth, and was liable to be defeated and annulled, by the defendant exercising his right to alter, deviate from, or add to said work, as provided in the contract. He did exercise that right, and additional and other work was performed, agreeably to his written instructions. I hold that this deviation, or change, on his part, substantially changed the terms of the contract, in regard to the specific time of completion, from 1st of November, 1866, to the obligation on the part of plaintiffs, to complete the work in a reasonable time, or within such time as the parties might thereafter consent or assent to, and if the parties did afterwards, by consent or assent, continue the term indefinitely, or until plaintiffs finished their work, the defendant cannot recoup damages for the delay. I am aware of the cases that hold that such consent or assent only extends the time, and does not relieve the defaulting party from paying damages, &c., but those cases are not in point, I think, where there has been a deviation or change in the contract, by the defendant, that requires more time to complete the work.
A man cannot vary and change and add to work and materials in a contract, which under its original form specified a certain date when the work should be completed, as in this case, and which, under its modified terms or specifications, required more work and time to complete, and then without protest or interference on his part (but with unquestioned assent on his part), allow his contractors to go on and complete their work as he directs, and in accordance with the contract as modified by him, until and long after the time specified in the original contract has elapsed, and when the work *367 is finished and his contractors ask for their pay, say to them, “ I will not pay for this work, because you did not complete the same within the time specified in the contract,” or, “I will not pay for the work at the specified price, unless there is deducted therefrom, in the way of damages for delay, ten dollars for each day that the work remained unfinished after the specified time,” or, “I will only pay the specified price upon a proper allowance being made to me for loss of rent and use of the premises, after the specified time, at which under the contract the work was to have been finished. Such action will not be tolerated, recognized nor encouraged by any court of law or equity, and should be expressly condemned in this case, as I believe it has been done in many other like cases in the courts of this State. I cite a few only that I deem to be in point upon the foregoing views expressed by me (Green v. Haines, 1 Hilton, 254 ; Jewell v. Schroeppel, 4 Cow. 564 ; Ladue v. Seymour Wood, 24 Wend. 60 ; Fleming v. Gilbert, 3 Johns. 528 ; Smith v. Gugerty, 4 Barb. 614).
The latter case arose in this court, and on appeal went to the supreme court, and was argued by the late James T. Brady, for the owner of the building, and Charles O’Conor, for the builder. The case was similar to this in many respects. The opinion of the court, by Judge Strong, is a correct exposition of the rules that should govern these cases arising from a difference of views between parties in their building contracts, and meets with my hearty approval.
The only breach (if any) upon which defendant can claim a judgment for costs, a recoupment, or a recovery by way of counter-claim, is upon the basis that plaintiffs did not fulfill the contract as regard s furnishing good material and doing the work well and completely. It is possible that the evidence in the case might have justified the referee in finding for the defendant, on this point, although I do not think so; but *368 there is certainly no evidence of such a conclusion in the referee’s report. In that document he runs on time continually, and finds damages for defendant for loss of rents, &c., by the failure of plaintiffs to finish their contract work within the time named in the contract. This conclusion is wrong. Time, as an essential covenant in this contract, was waived, and completely removed therefrom by the acts of the defendant; and I hold that the covenant for work and material was substantially fulfilled by plaintiffs, and that they are entitled to recover for the last installment. I also think that the conclusions of the referee in regard to the extra work were erroneous and cannot be supported by the evidence.
By the pleadings, the evidence, and the report itself, there can be no question but a large amount of ex-, tra work was done, and extra materials were furnished. The amount claimed by, and testified to by plaintiffs, was $1120. The amount substantially admitted by the answer (over and above all deductions claimed by defendant, to be applied on other work and - materials, embodied in the contract), was $450. The testimony of the defendant and his witnesses, tends to decrease the amount claimed by plaintiffs, but not materially. The referee should have found, as a conclusion of fact:
First, the amount in value, of all this extra work and materials.
Second, the several amounts he allowed or set off against (as necessary to fulfill the contract,- &c.), the work not performed, and the materials not furnished, and in lieu and in the stead of other worlc and materials provided for in the contract.
• Third, the amount in value that he estimated was overbalanced by the defendant’s claim (the ten dollars per day, for delay after the 1st November).
Fourth, the amount he allowed to the defendant for *369 delay, &c., after the 1st November, at the rate of ten dollars per day, &c.
It seems the referee allowed the defendants’ claim for damages twice; first, for an off set to or recoupment against the extra work; second, as a counter-claim, for which he found judgment, &c.
I am of the opinion, that all these conclusions of the referee, which are intended to dispose of the extra work and materials, are erroneous.
The claim of ten dollars per day, by defendant, under the contract, was made a counter-claim only, against the value of the work and material set forth in the contract; and its specifications, as originally made, included none of this extra work and material which the referee disposes of so summarily.
Upon the finding of the referee, in regard to the neglect or refusal to arbitrate, as provided in the contract (upon a dispute about the value of the extra work and material), I would say: First, there was no evidence of a dispute about the value of the extra work and ipaterial. The defendant ignored the existence, and refused the payment of any sum for the extra work. Second, such an agreement has no validity or power, and is no bar or obstacle to an action. It has been so expressly adjudicated in the court of appeals (5 N. Y. 422 ; 39 Id. 377).
The report of the referee should, no doubt, have been made in favor of plaintiff for some amount, on the admitted facts in the case.
The judgment must be reversed, the report and the order of reference vacated, and a new trial ordered, with costs to the plaintiffs.