### WILLIAMS *vs*. SHERMAN.

In an action for *use and occupation*, the plaintiff may avail himself of an agreement, not under seal, whereby a rent certain is fixed, to regulate the amount of recovery ; and although the plaintiff has not declared upon the agreement, and claims generally to recover for use and occupation, the defendant is not at liberty to give evidence of the value of the premises occupied, to reduce the recovery below the sum stipulated.

A party sued as the part owner of a steam boat, cannot prove that the boat belongs to an *incorporated company*, without producing the act of incorporation.

*Interest* is recoverable on contracts for the payment of money from the time when the *principal* ought to have been paid.

THIS was an action of *assumpsit*, tried at the Washington circuit, in November, 1829, before the Hon. ESEK COWEN, one of the circuit judges.

The declaration was for *use and occupation* of a wharf at *Whitehall*, as a landing place for a *steam boat*, of which the defendant was master and part owner. The plaintiff offered to prove an agreement on the part of the defendant to pay $40 per month for the use of the wharf, which was objected to, because not declared on; the objection was overruled, and the testimony offered was received. The defendant attempted to prove that the same privileges as to the use of the wharf in the piling of wood, had not been allowed to him, which had been granted to the owners of other steam boats, using the same wharf. Upon this point evidence was given by both parties. The plaintiff having rested, the defendant insisted that the plaintiff was not entitled to recover, because from the evidence it appeared that he, the defendant, was merely an *agent* for others ; and if he could be considered as part owner, that the other owners should have been joined with him as defendants. These objections were overruled, the judge

NEW-YORK, deciding as to the first, that it was question of fact which he
May, 1831. he should submit to the jury ; and as to the last, that the
Williams defendant could not avail himself of it in this stage of the suit.
v. The defendant then offered to prove that the wharf was partly
Sherman. built in Lake Champlain, for the purpose of insisting that the
lake being a public highway, the plaintiff was not entitled to
charge for the use of the wharf. This evidence was rejected.
He also offered to prove that the use of the wharf was not
worth $40 per month ; that in the following year the plaintiff
*let* the *whole* wharf for $500. This evidence also was re-
jected. He also offered to prove by *parol*, that the steam boat
in question belonged to an incorporated company, which tes-
timony was rejected, the judge ruling that the act of incorpo-
ration was the only proper evidence. Under the charge of
the court, the jury found a verdict for the plaintiff, for $330,-
47, subject to the opinion of this court, whether the plaintiff
was entitled to interest. Should they be of opinion that he
was not entitled to interest, the verdict to be reduced to
$306,66.

*S. Stevens*, for plaintiff.

*J. Edwards*, for defendant.

By THE COURT. The plaintiff declared generally for *use
and occupation*, and the judge admitted evidence of an agree-
ment, which the defendant contends was of such a character
as to be special, and to require a special count in the declara-
tion, to entitle the plaintiff to recover. It is not necessary to
say whether the agreement was special or not ; for it had been
fully executed, and the plaintiff did not sue for the violation of
the terms of it, but for the sum stipulated by it to be paid. It
is said by the supreme court of the United States, in the case
of *The Bank of Columbia* v. *Patterson's Executors*, 7 Cranch,
303, that it is incontrovertibly settled that *indebitatus assumpsit*
will lie to recover the stipulated price due on a special con-
tract, not under seal, which has been completely executed.
The same doctrine is found in many decisions of this court
particularly in the case, very familiar to the profession, of *Jew-*

*ell* v. *Schroeppel*, 4 Cowen, 566. The defendant's objection is
answered in a manner equally satisfactory, by applying to it
the provision of the statute relative to the action for *use and*
*occupation*. If, on the trial of such an action, any agreement
shall appear in evidence not being by deed, whereon certain
rent was reserved, the plaintiff shall not be nonsuited, but may
use the same as evidence of the quantum of damages to be
recovered. 1 R. L. 444.

It was left to the jury to say whether the defendant was a
part owner, or the mere *agent* of the boat, and they must have
found, as the evidence warranted them to do, that he was a
*principal.*

It was objected at the trial that the other owners were not
joined in the action. If it clearly appeared there were other
owners, and it is perhaps fair to infer there were other owners,
that fact did not constitute a ground of objection at the trial.
It was an objection of which the defendant should have avail-
ed himself, by a plea in abatement.

The defendant offered to prove what was the fair and rea-
sonable value of the wharf, but the judge refused to hear the
evidence. If an agreement was established whereby the de-
fendant became obliged to pay forty dollars a month for the
use of the wharf, the court would have been uselessly employ-
ed in listening to the testimony offered, for the stipulated
price must, according to the statute referred to, regulate the
amount of the recovery. There was abundant evidence that
the rent was specified; the parties had settled what the de-
fendant wished to leave to the jury, viz. the value of the land-
ing place. The position taken by the defendant, that he had
not the full benefit of what was contracted for, and therefore
had a right to reduce the amount stipulated to be given, the
facts do not authorise him to assume. The case shows that
the plaintiff fulfilled his part of the agreement, by giving to
the defendant the possession of the premises he contracted for.

Another ground of objection urged is, that the defendant
was denied the right to prove that the boat belonging to an in-
corporated company. As a necessary part of the proof of that
fact, the court required the act of incorporation to be shown.
This was proper. If for any purpose it was necessary to show

the existence of the company as a corporation, the act that made them such, as it was not admitted by the pleadings, should have been produced.

The demand claimed by the plaintiff was liquidated; the sum was specified, and the period of occupation was not a matter of doubt. " All contracts to pay," says Lord Thurlow, 2 Bro. Ch. C. 3, " undoubtedly give a right to interest from the time when the principal ought to be paid." We think that the plaintiff is entitled to interest, and consequently should have judgment on the verdict for $330,47.