Judge Lane
delivered the opinion of the court:
The first objection assumes a change of parties; that in the suit appealed, Lodge and Dunkely were plaintiffs, while the declaration in the common pleas is at the suit of section 16. But casos in our own reports (3 Ohio, 224; 5 Ib. 186) show that the proper mode of declaring, where these quasi corporations are parties, is by the corporate name, without naming the individuals who compose them. The declaration is right. But, in the case of a variation from the preliminary proceedings, it is too late to except after a plea to the action.
The main question in this case is, whether these trustees can sustain an action for use and occupation. It is urged that they are a corporation with limited powers, capable of leasing for three year's only, on a rent payable annually, on the 1st of December, to the treasurer, and not able to hold land for any other purpose. Hence, it is inferred that no action is sustainable by them to recover rent, except upon the lease. This reasoning is correct where a valid lease exists; but where occupation has been enjoyed, Sunder an invalid lease, no obstacle is perceived to the recovery of the Amount, which the tenant ought ex equo et bono to pay, in this form of action. In cases of mere individuals, it is held the proper form of action, where land has been occupied under a void or expired lease. After the defendant has enjoyed the use of land, he is not allowed to raise a mere cavil, to protect himself from paying a fair rent.
A further ground of error is alleged in argument — that is, the court permitted the plaintiff to give the lease in evidence to the jury, to show the yearly value of the occupation, and thus, enable them to ascertain the sum they should award to the plaintiff. The conception that the lease was void is the foundation of this exception. But it is settled that a writing between the parties, stipulating the amount of rent to be paid, though void as a *184 lease, may be used to prove the value of the occupation, as agreed and fixed upon by the defendant himself. 5 B. & P. 247; Holt, 47; 7 Wend. 109. Judgment affirmed.