Still *v.* Hall.

*J. L. Tillinghast,* for the defendant, contended, that as the judgment declared upon had been fully satisfied by a course of legal proceedings, provided by law to enable creditors to obtain satisfaction of judgments against their debtors, the plea ought to be sustained. In support of his argument he cited 7 *Cowen,* 553; 1 *Id.* 456, 457 *and* 510.

---

STILL *vs.* HALL.

*Interest* is recoverable on money due under a special contract, as where compensation for services is agreed upon at a specific sum per month.

In an action to recover compensation for services rendered, the employer is entitled to show, by way of recoupment of damages, loss sustained by him through the *negligence* of the employee.

THIS was an application to set aside a *report of referees.* The action was *assumpsit.* The plaintiff claimed to recover a balance of $99.62, as due to him for his services as master of a sloop belonging to the defendant, which he had navigated on the Hudson river. His compensation was agreed upon at the rate of $35 per month. No time of payment was specified. He had charge of the sloop from the spring until the navigation closed in the fall of 1835. The balance claimed was conceded to be due, but the defendant offered to prove in bar of a recovery, or in reduction of the plaintiff's claim, that in violation of his orders, the plaintiff, at the close of the navigation, laid up the sloop at a particular landing on the river, and in so doing was guilty of such negligence

that the sloop was run into and sunk by the ice. This evidence was rejected by the referees, who made a report in favor of the plaintiff for the sum claimed, *together with interest,* amounting in the whole to the sum of $106.20. The defendant moved to set aside the report.

*J. Van Vleck,* for the defendant.

*A. Jordan,* for the plaintiff.

*By the Court,* Cowen, J. It is well settled that interest is recoverable on moneys due upon a special agreement. *Feeter* v. *Heath,* 11 *Wendell,* 477, 484. *Williams* v. *Sherman,* 7 *Wendell,* 109. Interest runs from the time when the money falls due. *Williams* v. *Sherman,* 7 *Wendell,* 109, 112. The referees were correct, therefore, in allowing it, unless the principal sum stood open for liquidation, by the testimony offered in abatement. If so, and damages had been proved and deducted, interest should not have made a part of the balance found. The principal would have stood in the light of an uncertain demand, to be settled by process of law. On such demands interest is not allowed.

We think the defence offered was admissible. It was not presented as a matter of set-off arising on an independent contract, but by way of recoupment of the plaintiff's damages, by reason that he himself has not complied with his cross obligations, arising under the same contract. The law implied an obligation on his side, as parcel of the contract in question, to exercise ordinary care in the defendant's service; and damages for not fulfilling that obligation are properly admissible in abatement, within the principle of *Reab* v. *McAlister,* 4 *Wendell,* 483, 492, and cases there cited : 8 *Wendell,* 109, *S. C.* on error.

The report must, therefore, be set aside, the costs to abide the event.