The opinion of the court was delivered by
Carpenter, J.
There are but two reasons for the reversal of this judgment urged by the counsel for the plaintiff in error, which, under the view taken, I think it necessary to notice. First, that the 73d section of the act, Elmer Dig. 115, under which this indictment had been drawn, contemplates only the unlawful possession of a genuine, though blank and unfinished note; and that on the trial there was no evidence that the paper, for the possession of which this charge was brought, was genuine. That the phraseology of the 73d section differs from that of the 72d section; in the one case, the language being, "if any one shall have in his *402 possession any forged or counterfeited promissory note ” &e.; in the other, if any person shall have or keep in his possession any blank or unfinished note, ¿sc., omitting the words forged or counterfeited. The defendant’s counsel urged, that the evident intent of the latter section was to provide against the unlawful use of genuine though blank and unfinished notes of incorporated banks, which might fall into the hands of persons, who would make a fraudulent use of the same. The fair construction of the language used in this section may reach the case supposed by counsel, and possibly may provide for the unlawful possession of genuine, though blank and unfinished bank notes; but I apprehend that most clearly it is not confined to such case. I apprehend that the legislature has not left unprovided for, the much more ordinary case of the possession of counterfeited bank notes in an unfinished state; an offence, which if provided for in this state, is only so in this section. The words of the statute are “ if any person shall have or keep in his possession any blank or unfinished note in the form and similitude of any promissory note for the payment of money, made to be issued by an incorporated bank,” &e. The words “form and similitude ” are equally applicable to a counterfeited, as to a genuine blank and unfinished note, and seem to my mind conclusive against the construction contended for by the counsel of the defendant. Nor do I think there is any greater weight to be attached to the argument, that the 72d section, in relation to forged paper, speaks of the intent to utter, &c., knowing the same to be forged or counterfeited, whilst the words as to the knowledge of forged or counterfeited character are not to be found in the 73d section. Whether the blank and unfinished instrument be false or genuine, if in the form and similitude of a bank note of an incorporated bank, it satisfies the words of the statute, and the person in whose possession it may be found, with the guilty intent specified, is subjected to the penal provisions of the section. In my opinion there is nothing in this objection.
Another reason assigned for reversal, is, that there was no legal and competent evidence that the bank was incorporated, and incorporated underthenamelaidintheindictment. The averment in the indictment is, that the blank and unfinished note, in the de *403 fondant’s possession, was in the form and similitude of a promissory note forthe payment of money, madeto be issued by the Agricultural Bank, an incorporated bank of the state of Massachusetts. The counsel insists that this is a necessary averment, and therefore necessary to be proved upon the trial by the only competent and legal evidence, to wit, the act of incorporation or charter of the bank; and that no such evidence was offered or given on the trial, he substantiates before this court, by a written statement in the nature of a bill of exceptions, signed by the prosecutor of the pleas. This exception appears to me to be well founded. It is the notes of incorporated, banks of this and of other states, that are protected by the enactment in the 73d section. Tt is a blank and unfinished note, made in the form and similitude of a promissory note, &c., issued by the Agricultural Bank, averred by this indictment to be an •incorporated bank of the state of Massachusetts, the possession of which forms the subject of this charge. The averment, in my judgment is material and must be proved as laid. To prove that the Agricultural Bank, in the slate of Massachusetts, is an incorporated bank of that state, I know of no mode by which such proof may be made, in the courts of this state, except by a copy of the charter or act of incorporation, duly certified according to the act of Congress; unless indeed by the production of a sworn copy. It is to be proved in this state, in the same manner as the statute laws of other states are always necessarily proved. 1 Greenleaf, Ev. § 489. Williams v. Sherman, 7 Wend. 109. U. S. Bank v. Stearns, 15 Ib. 314. Van Buskirk v. Mulock, 3 Harr. 185. If however it can be alleged, that such incorporated bank exists in the state of Massachusetts by virtue of any unwritten law or custom, the proof of its exislence in such mode, must at least be made by the testimony of competent witnesses under oath, who are instructed in the laws of that state. No proof in either mode was made, but merely of existence, by reputation; and therefore for this reason, I am of opinion that the judgment below should be reversed.
Judgment reversed.
Randolph, Justice, did not hear the argument, and expressed no opinion.