## JOSEPH HOLMES *vs.* RICHARD STOCKTON.

1. In an action on the case for use and occupation, instituted under the third section of "An act concerning landlords and tenants," the rent reserved in any parol demise or any agreement proved on the trial, (not being by deed,) must be taken as conclusive evidence of the *quantum* of the damages to be recovered.

2. In a suit for rent upon an agreement under seal, where no fraud was practised when the paper was executed, and no eviction has taken place, if the plaintiff has fulfilled his part of the contract, the defendant cannot defeat a recovery of the rent reserved, because the plaintiff, by a subsequent appropriation of his adjoining premises, may have rendered the property held by the defendant less valuable.

In error to the Mercer Circuit Court.

An action of trespass on the case for the use and occupation of a storehouse and wharf at the Princeton basin, was brought in the Mercer Circuit Court by Richard Stockton against Joseph Holmes.

The declaration was in *assumpsit* for use and occupation, with a *quantum meruit*. The defendant pleaded the general issue. The case was tried at the Mercer Circuit before a jury, at January Term, 1856. On the trial, occupation of the premises was admitted by the defendant. The plaintiff below, to prove the amount of rent to which he was entitled, offered in evidence an agreement, of which the following is a copy:

"Lease concluded this thirteenth day of April, 1852, between Richard Stockton, of the borough of Princeton, county of Mercer, and State of New Jersey, party of the first part, and Joseph Holmes, of the town of Harlingen, county of Somerset, and state aforesaid, party of the second part, witnesseth, the party of the first part leases unto the party of the second part a storehouse and wharf on the Princeton basin, for the term of five years, at the yearly rent of one hundred and twenty-five dollars, payable half-yearly, from the first day of May, 1852. The party of the second part agrees to pay the rent aforesaid, and

VOL. II. F

also that the wharf shall not be used as a public wharf, but only for his private business; upon a final settlement, the party of the second part is to be allowed the value at that time of such permanent repairs as he may have put upon the building. The lot includes twenty-four feet on the east front of the storehouse, and the right of a road for wagons around the storehouse, except when it may be necessary to unload coal through the alley for the coal-yard now leased by A. L. Martin." (Signed,) Richard Stockton, Joseph Holmes.

Upon this evidence the plaintiff rested.

The defendant moved to non-suit the plaintiff, upon the ground that this action could not at law be maintained before the termination of said lease, which motion the court overruled, and the defendant excepted. The defendant then offered to prove that the premises were not worth as much as the amount agreed upon in the lease, because, after making the said agreement, the plaintiff had appropriated the adjoining premises for purposes that had injured the business of the defendant, and thereby lessened the value of the premises occupied by him. This evidence, on motion of the plaintiff's counsel, was overruled, and the court decided that the agreement was conclusive as to the *quantum* of damages. To this ruling of the court the defendant excepted, and a bill of exceptions was allowed and sealed. The jury rendered a verdict for the plaintiff, and judgment was entered thereon.

The defendant brought a writ of error to this court.

The cause was argued at June Term, 1856, before the CHIEF JUSTICE, and Justices OGDEN, HAINES and RYERSON, by *Hageman,* for the plaintiff in error, and *Beasley,* for the defendant.

The opinion of the court was delivered by

OGDEN, J. In the court below, the plaintiff, in an action for use and occupation, instituted under the third section

of an "Act concerning landlords and tenants," recovered against the defendant, who is the plaintiff in error, a judgment for the sum of one hundred and sixty-five dollars and seventy-one cents damages, with costs of suit. That judgment has been removed by writ of error into this court, and we are asked to reverse it upon one or more of the errors, which are assigned upon bills of exceptions duly sealed.

It appears that, at the trial, the plaintiff offered and gave in evidence to the jury an agreement in writing not under seal, executed by him and the defendant, dated April 13th, 1852, by which it was stipulated that Stockton leased to Holmes a storehouse and wharf on the Princeton basin for five years, at the yearly rent of one hundred and twenty-five dollars, payable half-yearly, from the 1st of May, 1852, and that Holmes should pay the said rent: the lot to include 24 feet on the east front of the storehouse, and the right of a road for wagons around the storehouse, excepting when it might be necessary to unload coal through the alley for the coal yard then leased to A. L. Martin. It was admitted before the jury, that the premises had been occupied by the defendant, and that he had paid the stipulated rent for the first year of the term. The plaintiff having here rested his case, the defendant insisted that he should be called, upon the ground that the action could not be maintained, because the lease had not been terminated.

The court overruled the motion, whereupon a bill of exceptions was prayed and sealed.

Although error has been assigned on that point, the counsel for the plaintiff in error did not seriously insist in the argument here, that the position was tenable, but in fact abandoned it. There was no error in the court for refusing to have the plaintiff called.

The chief error alleged and relied on was, that the court overruled competent, legal, material, and important evidence offered by the defendant.

The decision of the court was made upon the opening by the defendant's counsel to the jury, what he intended to prove, in avoidance of the plaintiff's demand.

The theory of the proffered defence is, that the premises occupied by the defendant were not worth the sum stipulated to be paid for them, because since the execution of the paper writing, and after the termination of the first year of the tenancy, they had been made worthless for the purposes for which they had been hired, by the acts of the plaintiff. In support of this theory, it was proposed to prove that, in the spring of 1854, the plaintiff had sold a portion of some open ground belonging to him lying between the premises occupied by the defendant and the canal, across which unoccupied space passers upon the canal could look upon the store of the defendant; and that the purchasers had immediately erected a large brick store thereon, which almost shut off from the defendant's store the transient custom from passers on the canal that he had been accustomed to receive ; and further, that the canal company (of which the plaintiff was a member) had given greater business facilities to the competing merchants occupying the new store than they did to the defendant, by reason of all which facts, it was contended, in argument, that the business of the defendant had been greatly diminished without any fault of his, and the stand thereby was rendered valueless. Upon the motion of the counsel for the plaintiff, the court overruled the opening, and refused to permit the defendant to introduce before the jury the evidence thus proffered. To that ruling a bill of exceptions was prayed and sealed, whereby the point has been raised and debated, whether by that decision the court below rejected competent, legal, and material evidence.

The question is to be solved by determining the correct construction to be given to the language of the statute upon the authority of which the suit was commenced. The act provides that a landlord, who disposes of a term

in his lands or tenements by an agreement not under seal, may go for the use and occupation of his premises against his tenant, and recover a reasonable satisfaction in damages for the same while so held and enjoyed ; and if any parol demise or any agreement (not being by deed) comes out in evidence upon the trial, wherein a certain rent is reserved, the plaintiff shall not therefore be non-suited, but may make use thereof, as an evidence of the *quantum* of the damages to be recovered. What does this section of the statute mean ? Is an agreement, if produced and proved on a trial, to be conclusive evidence of the amount of satisfaction which should be recovered, or is it only to be used as an item in ascertaining what would be a fair annual value? If that clause in the section of the statute has any significancy, it must have been intended to make the rent reserved in a parol demise conclusive evidence ; because the plaintiff could have used the agreement as a part of his evidence without legislative aid. He was saved from a non-suit by the prior clause of the section, and in the view taken by the defendant's counsel, the clause under examination is useless and unmeaning. The weight of authority, both in England and this country, is against the defendant's position. The design of the statute is to give a landlord, where his contract is not by deed, a right to recover in damages from the occupant of his property an equivalent for rent, and it then declares that any written agreement, showing by a reserved rent the concurrence of their minds as to the annual value of the premises, shall be evidence of the *quantum* to be recovered.

In 7 *Wend.* 109, *Williams* v. *Sherman*, Justice Cowen says: " If an agreement was established, whereby the defendants became obliged to pay $40 a month for the use of the wharf, the court would have been uselessly employed in listening to testimony to prove what was a fair and reasonable value; for the stipulated price must, according to the statute, regulate the amount of the recovery." The judge of the Circuit Court correctly refused,

in the case before us, to receive evidence outside of the agreement to prove the annual value of the premises.

Again, assuming that the evidence offered could lawfully have been received, ought the facts relied on by the defendant to have defeated the plaintiff's recovery?

The case shows that the plaintiff had fulfilled his part of the contract. He gave the defendant possession of the premises contracted for; their extent was definitely settled in the agreement, and the defendant admits that for one year he had enjoyed the consideration for the annual rent reserved in that agreement. Nor was the act of the plaintiff which is complained of, an eviction of the defendant from any part of the premises hired to him. It is not pretended that any fraud respecting the subsequent appropriation and use of the vacant lot was practiced upon the defendant when he entered into and signed the written agreement.

How can the defendant torture a sale by the plaintiff of a distinct lot, for which *he* paid no rent, and about which nothing was said when the contract was made, into an excuse for withholding payment from year to year of the stipulated rent?

The evidence opened by the defendant was not only illegal, in the particular form of action adopted by the plaintiff, but it would have been irrelevant in a suit for rent brought upon an agreement similar in terms executed under seals.

The judgment must be affirmed, with costs.