By the Court.—McCunn, J.
The action is by-plaintiff to recover damages in consequence of the breach of a contract made by defendant with plaintiff to do plumbing work.
The defendant agreed to do the work and furnish materials for plaintiff, work to be done in a workmanlike manner. Plaintiff alleges that defendant did not perform his contract, but did the work unskillfully and negligently, to his, plaintiff’s damage offline hundred and thirty-three dollars.
The defendant’s answer admits the contract, but denies that the work was unskillfully performed, or that the plaintiff sustained damage. Defendant also alleges a counter-claim. To this counter-claim a reply was filed. It appeared ou the trial that material damage was done to the house in consequence of leakage from defective work-; that defendant had left a joint in an unfinished state on Saturday afternoon ; the water rose on that night and on Sunday the house was much injured. The house was owned by the wife of plaintiff, but the plaintiff had undertaken to put it in order, and made all the expenditure for that purpose.
On motion the court dismissed the complaint, on the ground that the action had been brought by the wrong party. We think this error.
*335 Where a contract is made, and a breach of that contract takes place, and injury arises in consequence of that breach, the party sustaining the injury can offset that injury against any sum due on the contract. This is familiar learning (Sedgwick on Dam. 206). It would be absurd to compel a party to pay on the contract, and leave him to his remedy by separate suit for damages arising on that very contract. Prior to the Code, in actions for work and services, the employer could always recoup damages sustained through the negligent or unskillful manner of the work (Stell v. Hall, 20 Wend. 51, 52 ; Ives v. Van Epps, 22 Id. 155 ; Batterman v. Pierce, 3 Hill, 171, 175). And all breaches of contracts giving a claim for recoupment or a counter-claim constitute causes of action which the employer may enforce by action against the employee (Vassear v. Livingston, 13 N. Y. 252; Halsey v. Carter, 1 Duer, 667; Gillespie v. Torrance, 25 N. Y. 306; Seldek, J., pp. 309, 310, 311). In all cases where the. court nonsuits, the facts proven must be deemed established in favor of plaintiff. The plaintiff here established a breach of contract on the part of defendant, and in consequence he showed he had sustained pecuniary loss. This he was entitled to offset, and his not being allowed to do so was error. The judgment should therefore be reversed. It is of no consequence who owned the house.