Parker *v.* Parker.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]

———— • ❖ • ————

## ABRAHAM M. PARKER *vs.* JAMES M. PARKER.

The plaintiff, being the owner of a grist-mill, agreed to sell one-half thereof to the defendant, on the payment of $1,600, with interest. The parties, at the same time entered into a partnership, for the purpose of carrying on the milling business. Subsequently, K. became a member of the firm, the plaintiff and defendant agreeing to convey . to him one-third of the mill for $1,333.33, the repairs on the mill to be at the expense of the firm, and the purchase money owing by the defendant and K. to be paid out of the profits of the business. Upon stating the accounts between the partners, on a dissolution of the partnership. *Held,* 1. That the mill became partnership property, and liable to the creditors of the firm; and between the partners themselves, the share of each partner who was indebted to either or both of his copartners, was liable to the other partner or partners to whom the debt was due.

2. That the mill was liable to be sold, and the proceeds appropriated as partnership property.

3. That the mill could be sold under a judgment for dissolution of the partnership, as well as in an action for partition.

4. That the plaintiff being owner of one-third of the mill, was entitled, as between himself and his copartners, to one-third of its proceeds. That in addition to this, he was entitled to take from the defendant one-third of the proceeds, for the purchase money due to him from the defendant, and interest on that sum from the formation of the new copartnership.

5. That he was also entitled to one-half of the $1,333.33 which K. agreed to pay for the one-third part of the mill, with interest from the time of the purchase.

6. That the defendant was entitled to what remained of the one-third part of the proceeds after paying the purchase money and interest due from him to the plaintiff, and to one-half of the $1,333.33 which K. was to pay for the one-third part of the mill, and interest thereon from the formation of the new partnership.

7. That K. was entitled to what should remain of the one-third part of the proceeds, after deducting the above sums. Thus giving to each partner one-third of the proceeds, after he had paid for his share of the mill.

When the vendee, in a contract for the purchase and sale of real estate, takes possession of the property as owner, without having paid the purchase money, he is bound to pay interest.

APPEAL from a judgment entered upon the report of a referee.

On and prior to the 9th of November, 1863, the plaintiff was owner in fee of a grist-mill at Whitesville, in the county of Allegany, and on that day entered into a contract in writing to sell and convey one-half of it to his brother, James M. Parker, the defendant, on payment of the sum of $1,600 with interest. In and by the same writing Abraham and James entered into partnership for the purpose of carrying on the milling business in said mill. The partnership continued until the 15th of August, 1865, on which day a new partnership was formed, consisting of the said Abraham and James and Alvin Kelsey. They continued to do business until the 3d of September, 1865. On that day the debt of James M., for the one-half of the mill amounted, with interest, to $1,803.36. On said last mentioned day Abraham and James agreed, by parol, to sell and convey to Kelsey one-third of said mill for the sum of $1,333.33. By the agreement of copartnership the repairs on the mill were to be borne by the copartnership, and the purchase money to be paid from the profits of the business. Extensive repairs were made at the expense of the firm. This copartnership continued to do business until a

judgment of dissolution was entered, and a receiver appointed.

A referee was appointed to state an account between the partners, and he has stated the account, and in his judgment provided that in case of a sale of said Whitesville mill there was due from James M. Parker to the plaintiff $1,803.36, and the sum of $666.66, being one-half the sum to be paid by Kelsey for his third of the property. That James M. was entitled to be paid the sum of $666.66, the other half of the amount to be paid by Kelsey; that the balance of the proceeds of the sale should be deemed copartnership assets, and if the proceeds arising from the sale should be insufficient to pay said claims in full, that the deficiency be paid *pro rata*.

The plaintiff excepted to the referee's finding of law, and appealed from the judgment.

*By the Court*, MULLIN, P. J. At the same time that the plaintiff sold one-half the grist-mill to his brother James, they entered into copartnership for the purpose of running the mill. The new partnership was formed for the same purpose, and Kelsey, concurrently with its formation, purchased of the plaintiff and James one-third of the mill. The repairs to be made on the mill, at the expense of the firm, and the purchase money owing by James and Kelsey, were to be paid out of the profits of the business.

The mill manifestly became partnership property, and liable to creditors of the firm; and among the partners themselves the share of each partner who was indebted to either or both of his copartners, was liable to the other partner or partners to whom the debt was due.

The referee was right in holding the mill to belong to the firm, and liable to be sold and the proceeds appropriated as partnership property.

As nothing is said in the findings of the referee, or in the judgment, about copartnership debts to which the proceeds of the mill are to be applied, I infer that there are none such, or if there are any, that the personal property is sufficient to pay them, leaving the proceeds of the real to be divided among the partners.

The sale of the mill may as well be made in this action as to make it necessary for the parties to commence an action of partition to attain the same end.

The only remaining question to be considered is, whether the referee has given to the plaintiff the share of the proceeds to which he is justly entitled?

He was owner of one-third of the mill, and is therefore entitled, as between himself and his copartners, to one-third of its proceeds. The judgment does not give it to him, unless the award of it to him is to be implied as necessarily resulting from his conceded ownership.

In addition to this, he is entitled to take from James one-third of the proceeds for the purchase money due to him from James, and interest on such sum from the formation of the new copartnership. He is also entitled to one-half of the $1,333.33 which Kelsey agreed to pay for the one-third part of the mill, with interest thereon from the time of the purchase.

James is entitled to what remains of the third part of the proceeds, after paying the purchase money and interest due from him to the plaintiff, and to one-half of the $1,333.33 which Kelsey was to pay for the one-third part of the mill, and interest thereon from the formation of the new partnership.

Kelsey is entitled to what remains of the one-third part of the proceeds after deducting the sums aforesaid.

This gives to each partner one-third of the proceeds, after he has paid for his share of the mill.

The judgment, as ordered by the referee and as entered, does not, in terms, give the plaintiff any share of the proceeds for his share of the mill. It only directs

the payment to him of the sums due from the other part-
ners for their shares, and then provides that after the
purchase money is paid, the remainder of the proceeds
are declared to be assets. This gives to James and Kel-
sey, each, a third of the plaintiff's share of the mill;
so that the practical operation of the judgment is to
take away from the plaintiff his entire share of the pro-
ceeds, unless they amount to more than the debts due
to him from James and Kelsey; and if they do amount
to more, then he gets one-third of such balance, but not
until James has been paid his share of the third owned
by Kelsey.

The judgment further provides, that in case there is
a deficiency of proceeds to pay said sums due, as afore-
said, the same shall be shared *pro rata* by the above
claims. It is not clear what is intended by the words
"*the same.*" If they mean the "*deficiency,*" the pro-
vision would be unnecessary, as there is no way of ap-
propriating a deficiency.

I apprehend the meaning is, that if the proceeds of
the mill are not sufficient to pay the debts due to the
plaintiff and James, then they are to be paid *pro rata.*

If this is the meaning of the provision, it takes from
the plaintiff's demands against James and Kelsey an
amount in the proportion of his debts to the proceeds.
In other words, it reduces the debts of James and Kel-
sey to the plaintiff, while in law and equity they should
be adjudged to pay the plaintiff the whole amount of
purchase money and interest remaining unpaid, after
allowing thereon so much of the proceeds as are appli-
cable thereto.

That the plaintiff is entitled to interest, is too well
settled to admit of discussion. It is held in *Stevenson*
v. *Maxwell*, (2 *N. Y.* 408,) that when the vendee in a
contract for the purchase and sale of real estate takes
possession of the property, as owner, without having
paid the purchase money, he is bound to pay interest.

(*Dart on Vend.* 293, *note. Hill. on Vend.* 41. *Purdy* v. *Philips*, 11 *N. Y.* 406. *Conn. Mu. Ins. Co.* v. *Cleveland R. R. Co.*, 41 *Barb.* 32. *Still* v. *Hall*, 20 *Wend.* 51.)

The judgment must be modified as above directed; and as modified, affirmed with costs to the appellant, to be paid out of the assets of the firm.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]