## KROM v. LEVY.

*Appeal — judgment not reversed because of non-allowance of defense not pleaded — re-argument on. Contract — acceptance of work unskillfully done.*

A judgment will not be reversed because at the trial a defense not pleaded was rejected, although evidence in its support was received without objection at such trial.

The mere fact that a material point was overlooked by counsel on an argument, *held*, not sufficient ground for the allowance of a re-argument.

Where work upon an article accepted and used by an employer not bound to receive incomplete performance is unskillfully and improperly done, but is still of some use and value to the employer, the mechanic will be entitled to recover so much as the work is reasonably worth to the employer, making all reasonable deductions and allowances.

MOTION by defendant and appellant for a re-argument, and for leave to appeal to the Court of Appeals.

The action was brought by Stephen Krom against John J. Levy to recover for work, labor and materials. The decision upon the argument of the appeal is reported 3 N. Y. Sup. 704, where a more extended statement of facts is given.

*N. B. Hoxie,* for appellant.

*Coles Morris,* for respondent.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

DANIELS, J. This case was very carefully examined when it was previously before this court. The counsel for the appellant now claims that the court was in error in holding that the defendant could not recover, by way of counter-claim or recoupment, the

damages accruing from an unskillful performance of work done or materials supplied by him, when that defense was not alleged in the answer. The referee disallowed the defense, although evidence was received without objection, tending to establish its existence. No authority has been found which would justify a reversal of a judgment because a defense not pleaded had been rejected by the tribunal before which the trial was had. If the defense had been successful without the defective nature of the pleadings having been noticed in any way, by objection, a very different question would be presented from that arising where it has been rejected. The decision rejecting the defense was right, because the defendant's answer did not set it forth.

It is true that the point was not taken on the argument; but if a re-argument should be allowed where that proves to be the case, a large portion of the cases heard and decided would have to be reheard. For it is quite common to find important points which cannot fail to attract attention when the cases are examined that have been overlooked by the counsel on both sides.

The court did not consider that any well-founded difference existed between the case of an executory contract to perform work on the material supplied by the mechanic, and an executory contract for similar services on material in part supplied by the employer. No substantial distinction exists between the effect of an acceptance of work defectively performed in one case and in the other. When, as was shown to be the fact in the present instance, the article, on which the work contracted for was defectively done, has been passed over to and received by the employer, and afterward with knowledge of the defect retained and used by him, his remedy for the defect is confined to compensation for non-performance of the agreement by way of damages. It is only when the employer is bound to receive the incomplete performance that a different rule applies, and that rule has no application to the present case. Story on Bailm. (7th ed.) 441–446. The rule there stated is, that if the work, although improperly or unskillfully done, is still of some use, benefit and value to the employer, the workman will be entitled to recover so much as the work is reasonably worth to the employer, under all the circumstances, making him all due and reasonable deductions and allowances. That was substantially this case, and the defendant might have entitled himself to damages not allowed by the referee if he had elected to claim them

in his answer, but that he failed to do. *Jewell* v. *Schrœppel,* 4 Cow. 564; 1 Wait's Law & Pract. 964; *Grant* v. *Button,* 14 Johns. 377; *Still* v. *Hall,* 20 Wend. 51; *Ives* v. *Van Epps,* 22 id. 155; *Bloodgood* v. *Ingolsby,* 1 Hilton, 388; *Smith* v. *Brady,* 17 N. Y. 174, and cases cited on the preceding opinion in this case: *Krom* v. *Levy,* 3 N. Y. Sup. 704.

No principle is involved in the case which the public interest requires to be examined by the Court of Appeals, and there is no novelty whatever in those applied by this court in the decision of the case.

Both applications should be denied, with $10 costs.

*Ordered accordingly.*