# Wheeling.

GOSHORN *v.* STEWARD *et al.*

Decided November 15, 1879.

| | |
|---|---|
| 15 | 657 |
| 41 | 616 |
| 15 | 657 |
| t47 | 231 |

1879
Special Term.

| | |
|---|---|
| 15 | 657 |
| e61 | 677 |
| 61 | 678 |
| 61 | 679 |
| 15 | 657 |
| 63 | 263 |

1. The action of *assumpsit for use and occupation* of land, is maintainable under the statute, (Code, ch. 93, ¿7) where the agreement is not by deed.

2. The agreement being not under seal, and being fully executed on the part of the plaintiff, he had the right to avail himself of the written agreement, whereby the rent certain was fixed, as evidence of the amount of the recovery in the action.

3. Occupation by permission of the plaintiff may be proved directly by the production and proof of a written lease, not under seal, if one has been entered into.

4. Where two of four joint lessees enter upon and occupy certain premises under a written agreement made with the owner of the premises, and signed by all of them, and make the entry at the time designated in the agreement for the commencement of the occupancy, and the other two do not make actual entry upon and occupy the premises, the occupancy of the first two was the occupancy of all four, and upon the terms designated in the agreement; and all four are lessees to the landlord, whatever might be their relations *inter se*, and as such lessees they are responsible to the landlord in an *action for use and occupation.*

Writ of error and *supersedeas* to a judgment of the municipal court of Wheeling, rendered on the 19th day of December, 1877, wherein William S. Goshorn was plaintiff, and Thomas E. Steward and others were defendants, allowed upon the petition of said defendants.

Hon. Gibson L. Cranmer, judge of the municipal

84

1879
Special Term

Goshorn
v.
Steward *et al.*

court of Wheeling, rendered the judgment complained of.

The facts of the case are fully stated in the opinion of the Court.

*W. W. Arnett*, for plaintiff in error.

*Caldwell & Caldwell*, for defendants in error, cited the following authorities:

4 H. & M. 161; 11 Geo. II, ch. 19, §14; 2 Mat. Dig. 690 and notes; 2 Stark Ev. 854; *Id.* 853; Code, ch. 93, §7; 5 Oregon 423; 49 Ind. 516; 52 Ala. 103; The Reporter, vol. 6, p. 780; Taylor Landlord and Tenant, §635; *Id.* 641; 68 Pa. St. 57; 2 Esp. 213; 6 Bing. 206 (19 E. C. L. 100); 7 C. & P. 610 (32 E. C. L. 653); 4 Exch. 61; 2 Saund. Pl. & Ev. Part II, pp. 1172, 1175; 3 Phil. Ev. (3d ed.) 57; 8 T. R. 327; 2 Stark. N. P. 527; 6 Bing. 206; 10 Serg. & R. 251; 2 Whart. 42; 63 Me. 472; 6 M. & S. 110; 13 E. C. L. 31; 7 Wend. 110; 30 Mich. 349.

MOORE, JUDGE, delivered the opinion of the Court:

This cause is presented upon a *supersedeas* to the judgment of the municipal court of Wheeling, rendered on the 19th day of December, 1877, in an action in *assumpsit* for use and occupation by the defendants of a certain messuage and premises, with the appurtenances belonging to the plaintiff. The case was submitted to a jury, which found a verdict for the plaintiff, and assessed his damages at $254.28. Defendants moved the court to set aside the verdict and grant them a new trial, which motion the court overruled, and rendered a judgment for the plaintiff for the $254.28 damages, with interest thereon from December 19, 1877, until paid, and costs.

Upon the trial of the cause, the plaintiff offered in evidence, which the court permitted to be read against the objection made by defendant's counsel, a written lease, not under seal, made between the plaintiff and the de-

fendants, and signed by them respectively, November 2, 1875, for the premises set out in the bill of particulars filed with the declaration; plaintiff also proved that the defendants, Steward and Linden, Jr., had been in possession of the premises in said lease mentioned from April 1, 1876, until the bringing of this suit, and that there was rent due at the rate stipulated in said lease to the time of bringing the suit, amounting to $252.18, bearing interest from November 1, 1877, for the use and occupation of said premises, accruing after the making of said lease and before the commencement of this suit. It was also proved that Roth did not occupy the premises.

Whatever may have been the practice in Virginia, prior to the revisal of 1849, as to the proper action in such a case as is presented by this record, it is not material to question now. Section 7 of chapter 93, Code of West Virginia, is a rescript of the statute adopted in Virginia under the revisal of 1849, and is as follows: " Rent of every kind may be recovered by distress or action. A landlord may also, *by action*, recover (where the agreement is not by deed) a reasonable satisfaction for the use and occupation of lands; on the trial of which action, if any parol demise, or *any agreement*, (not being by deed), whereon a certain rent was reserved, shall appear in evidence, the plaintiff shall not therefore be non-suited, but may use the same as evidence of the amount of his debt or damages. In any action for rent, or for such use and occupation, interest shall be allowed as on other contracts." By this section we have adopted substantially statute 11 George II, ch. 19 §14; omitting after the word " *action* " the words " *on the case*," and substituting after the word " *non-suited*," the language, " *but may use the same as evidence of the amount of his debt or damages*," in lieu of the language, " but may make use thereof as evidence of the *quantum* of the damages to be recovered." I infer from a note to the *report* of the revisors of the Virginia Code, page 704, that this change in our statute from that of 11 George II, ch. 19, §14,

was suggested by the question raised in *Curtis, &c.,* v. *Spitty,* 1 Bingh. N. C. 15, (27 Eng. Com. Law Rep. 291) whether *"nil habuit in tenementis"* was a good plea to an action of *debt* for use and occupation, or not. The court held it was not. In commenting upon the case, Tindal, C. J., took occasion to construe the statute of 11 George II, ch. 19, §14. He said : " The form of action here, is debt for use and occupation ; a form of action not unknown to the common law, and not unfrequently resorted to, to avoid the difficulties attendant on debt for rent. The statute 11 George II, which recognizes the action on the case for use and occupation, made no other difference than to extend the remedy, and to enable the landlord to sue in that form, *notwithstanding the existence of a demise by written agreement.* But the action of debt for use and occupation has long prevailed, and has been placed on the same footing as assumpsit. That appears from *Stroud* v. *Rogers,* followed by *Wilkins* v. *Wingate,* 6 T. R. 62, and *King* v. *Fraser,* 6 East. 358. The two forms of action of debt and assumpsit for use and occupation having so long been considered as standing on the same footing, we cannot, at this time, establish a distinction, and allow that to be a plea to the action of debt for use and occupation which it is not competent to the defendant to plead to the action of assumpsit."

Mr. Starkie in his work on Evidence, sixth American ed., p. 853, says : "The action of *assumpsit* for use and occupation depends on the statute, 11 Geo. II, ch. 19, §14." Mr. Espinasse, in 1 *Nisi Prius* 20, says the action of *assumpsit* for use and occupation was given by statute 11 George II, ch. 19. Judge Tucker, in *Eppes's ex'rs* v. *Cole et ux.,* 4 H. & M. 168, says : "The action for use and occupation was not given by the statute of George II, it had been used at least from the time of James I, as the case of *Dartnal* v. *Morgan,* Cro. Jac. 598, clearly proves; and the case of *How* v. *Norton,* 1 Lev. 179, shows it was in use in the time of his son Charles II ; and a variety of other cases might be shown to prove the same

thing.  We are told by Judge Bathurst, that the statute
was made for the benefit of landlords, and to prevent
tenants from putting them to *difficulties* (after enjoyment
of the lands) in recovering their rents under *parol* de-
mises or agreements ; for, before the statute, in actions
for the use and occupation, the landlords were continual-
ly *non-suited*, by the tenants proving, at the trial, some
*parol demise or memorandum* in writing, *amounting to a de-
mise;* for in *that case,* the landlord ought to have brought
an action of *debt,* and not *case,* on *assumpsit;* which was
remedied by the statute.  That this was the true reason
for making the statute, will appear by the cases on the
subject, from the time of Hobart." Citing *Green* v. *Har-
rington,* Hob. 284, &c.

The terms of the Virginia statute are restricted to no
particular action, (1 Lomax's Dig., 2d ed., top page 717).
"Though the form of action is not designated by the
statute, those in most general use are debt and *assumpsit;*
both of which existed at common law." (Barton's Prac.
51).  And that our statute contemplated both debt and
*assumpsit* for use and occupation, may be fairly inferred
by its permitting the plaintiff to use "any agreement (not
being by deed) wherein a certain rent was reserved," "as
evidence of the amount of his *debt or damages.*"  I think, Syllabus 1.
therefore, that it is clear, that the action of *assumpsit* for
use and occupation of lands, is maintainable under the
statute, (Code, ch. 93, §7), where the agreement is not by
deed.

Upon the trial of the case, the plaintiff offered in evi-
dence the written agreement or contract for the leasing of
said premises by said plaintiff to the defendants, made
and signed by them respectively, November 2, 1875.  The
defendants objected to its being read in evidence, but the
court, after the execution thereof and the signatures there-
to had been proved, admitted it in evidence ; to which
ruling the defendants excepted "as also to the proof of
the execution thereof." The court did not err in per-
mitting the plaintiff to introduce the agreement in evi-

dence. In the case of *Williams* v. *Sherman*, 7 Wend. 109, which was an action of *assumpsit* for use and occupation of a wharf at Whitehall, as a landing place for a steamboat, of which the defendant was master and part owner, the plaintiff offered to prove an agreement on the part of the defendant to pay $40.00 per month for the use of the wharf, which was objected to, because not specially declared on; the objection was overruled, and the testimony offered was received. The Supreme Court of the State of New York, said: "It is not necessary to say whether the agreement was special or not; for it had been fully executed, and the plaintiff did not sue for the violation of the terms of it, but for the sum stipulated by it to be paid. It is said by the Supreme Court of the United States, in the case of *The Bank of Columbia* v. *Patterson's ex'rs*, 7 Cranch 303, that it is incontrovertibly settled that *indebitatus assumpsit* will lie to recover the stipulated price due on a special contract, not under seal, which has been completely executed. The same doctrine is found in many decisions of this court, particularly in the case, very familiar to the profession, of *Jewell* v. *Schroeppel*, 4 Cowen 566. The defendant's objection is answered in a manner equally satisfactory, by applying to it the provision of the statute relative to the action for *use and occupation*. If, on the trial of such an action, any agreement shall appear in evidence not being by deed, whereon certain rent was reserved, the plaintiff shall not be nonsuited, but may use the same as evidence of the *quantum* of damage to be recovered. 1 R. L. 444." That statute was taken from 11 George, II, ch. 19, §14; (4 Rob. Prac. 512, citing *Williams* v. *Sherman*). Upon the same principles, and especially under our statute, the agreement being not under seal and fully executed on the part of the plaintiff, he had the right to avail himself of the written agreement, whereby the rent certain was fixed, as evidence of the amount of recovery in this action.

It is urged that "the defendants, Martin Linden and Louis Roth, are proved never to have had use or occupa-

tion of the premises, therefore there should have been no verdict against them in this suit; the action not being on the *lease*, they are not thereby clothed with responsibility;" and that the statute only permits the *"lease"* to be used *as evidence of the amount* of plaintiff's *debt or damage.* In an action for use and occupation, the plaintiff must prove, 1st. An occupation by the defendant; 2d. That it was by permission of the plaintiff; 3d. The value. Starkie's Ev. vol. 2, p. 853, 6th American ed. "Proof of an *actual occupation* is not essential." *Id.* See also *Hall* v. *Western Transportation Co.*, 34 N. Y. 284, and cases cited. The statute contemplates the relation of landlord and tenant. Occupation by permission of the plaintiff "may be proved directly by the production and proof of a written agreement, if any has been entered into, in the usual way, by the evidence of the attesting witness, if there was one, or if not, by proof of the signature of the defendant." Starkie's Ev. 854 and notes. If it appears that there is a written agreement between the parties on the subject, oral evidence is inadmissible, and if the agreement be not produced, the plaintiff will be non-suited. *Id.* 855, and note (*u.*) In the absence of an express agreement, the plaintiff must prove the value of the premises occupied. *Id.* 856

From these general rules and principles, sustained by the other authorities cited by the plaintiff's counsel, it is plain that the court did not err in admitting the agreement in evidence. The agreement shows that the plaintiff leased the premises to the four defendants jointly; and whether Linden, Sr., and Roth did, or did not, have actual possession, the *"lease"* shows that they were co-tenants with Steward and Linden, Jr., and lessees of the premises, for a certain value, of the plaintiff, and being co-tenants of Steward and Linden, Jr., who are proven to have had actual occupancy of the demised premises under the agreement, the occupancy of Steward and Linden, Jr., must be considered the occupancy of all the joint lessees; and by the terms of the lease they are responsible to the

plaintiff as such whatever may have been their relations *inter se.* If ,Linden Sr., and Roth were in fact simply sureties, it is evident from the written agreement that the plaintiff did not so consider them, or he would not have had them join in the written lease as principals. *Parol* evidence cannot be permitted to vary or contradict their written contract. The case of *Glen* v. *Dungey* and *Farrant,* 4 Exchequer 61, cited by plaintiff's counsel, is analogous to this case. In that case the court held, that upon an agreement signed by Dungey and Farrant, to hire from Glen his property known as the Eagle saw-mills, and it appeared that Dungey entered and occupied the premises at the time agreed upon, but there was no evidence that Farrant had done so, that the jury were justified in finding that both the defendants were liable in assumpsit for the use and occupation; that when Dungey entered at the time fixed in the agreement, that he entered upon the terms contained in the agreement, and therefore that he entered in respect both to himself and Farrant.

Other pertinent cases were cited by the learned counsel, bearing upon the principles in this case, but I deem it unnecessary to make further reference, as I consider the principle settled, that where two of four joint lessees, enter upon and occupy certain premises, under a written agreement made with the owner of the premises, and signed by all of them, and make the entry at the time designated in the agreement for the commencement of the occupancy, and the other two do not make the actual entry upon and occupy the premises, that the occupancy of the first two was the occupancy of all four, and upon the terms designated in the agreement; and all four are lessees to the landlord, whatever might be their relations *inter se,* and as such lessees, they are responsible to the landlord in an action for use and occupation.

It was also urged that the court erred in giving to the jury a certain instruction purporting to be set out in a bill of exceptions, but as it is not properly authenticated

or recognized by the proceedings as a bill of exceptions,
under the well known rule in such cases it cannot be con-
sidered by the court; nor is it material under the views
hereinbefore expressed.

The judgment should be affirmed with costs and dam-
ages according to law.

THE OTHER JUDGES CONCURRED.

JUDGMENT AFFIRMED.